[Crim. No. 1111. Fourth Dist. Apr. 25, 1956.]

THE PEOPLE, Respondent, v. WENDELL HAVEL, Appellant.

Wendell Havel, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GRIFFIN, J.—On a former appeal in this action (*People v. Havel*, 134 Cal.App.2d 213 [285 P.2d 317]) this court fully considered the merits of defendant's claims and found no error except in the manner of arraignment for and pronouncement of judgment, and limited the reversal for this purpose.

Defendant was returned to court, the public defender was appointed to represent him, and he was duly arraigned and resentenced. No error in these proceedings is indicated or claimed.

He now appeals from this judgment and attempts to have an entire review of his former claims on appeal. This is not authorized under the form of the reversal.

In addition, he claims that under section 1262 of the Penal Code a further trial was not authorized since the reversal did not direct a new trial. We see no merit to this claim. Section 1262 of the Penal Code was amended in 1951 [Stats. 1951, ch. 1674, § 137] and now a reversal shall be deemed an order for new trial unless the appellate court shall otherwise direct. Any right to a new trial was particularly limited to arraignment for and pronouncement of judgment. This was rightfully accomplished.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.