[Crim. No. 16220. Second Dist., Div. 4. Dec. 16, 1969.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID DWIGHT SMYERS, Defendant and Appellant.

## COUNSEL

Frank Duncan, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Frederick R. Millar, Jr., Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—A jury found defendant guilty of burglary, rape and two counts of first degree robbery. As to the robbery counts, the verdicts each contained the additional finding that defendant was armed at the time of the commission of the offense. Defendant appealed and, in *People* v. *Smyers,* 261 Cal.App.2d 690 [68 Cal.Rptr. 194], the judgment was reversed "for the purpose only of rearraigning appellant for judgment under circumstances which will accord to him his constitutional right to counsel at that time." Upon his return to superior court, the court entertained a motion for new trial which it denied after the presentation of additional evidence. Defendant was then rearraigned for judgment in conformity with the directions of the appellate court, and was resentenced, as before, to state prison. The judgment contains the recitals as to the robbery counts that defendant "was armed as alleged."

Defendant again appeals from the judgment. (He also purports to appeal

from the order denying his motion for new trial from which no appeal lies, and which appeal must be dismissed in any event for reasons discussed hereafter.)

Defendant raises no question about the proceedings on his rearraignment for judgment and sentence. Rather, he attempts to urge what he considers to be errors in the conduct of the trial. Such matters were before the appellate court in defendant's first appeal. The court (in *People* v. *Smyers, supra,* 261 Cal.App.2d 690) stated at p. 702: "[N]either our examination of the record nor that of counsel for appellant (both court-appointed counsel and subsequently his own private counsel), have uncovered any error in the conduct of the trial which appears to have been fairly conducted in all respects." The judgment was reversed in that appeal solely because the court concluded that defendant was denied his constitutional right to counsel at the post trial arraignment for judgment hearing. The reversal was specifically limited "for the purpose only of rearraigning appellant for judgment." Impliedly, the judgment was, in all other respects, affirmed.

■ Where an appellate court limits its reversal solely for the purpose of rearraigning defendant for judgment and sentence, on a subsequent appeal following the rearraignment for judgment hearing, only errors connected with that hearing may be considered. (*People* v. *Havel,* 141 Cal.App.2d 156, 157 [296 P.2d 88].) The doctrine of the law of the case precludes a review of any other matters. (*People* v. *Durbin,* 64 Cal.2d 474, 477 [50 Cal.Rptr. 657, 413 P.2d 433]; *People* v. *Dyer,* 269 Cal.App.2d 209, 211 [74 Cal.Rptr. 764].) We may not, therefore, consider defendant's arguments regarding alleged trial errors.

■ Defendant contends that the trial court erroneously denied his motion for new trial. On remand following the limited reversal on the first appeal, the court, prior to arraigning defendant for judgment, permitted him (over prosecution objection), to make a motion for new trial. At the hearing on the motion additional evidence was introduced on a search and seizure question. At the conclusion of the hearing, the court denied the motion for new trial. Defendant asserts that this was error. We do not reach the merits of defendant's argument, or for that matter the question of the propriety of the taking of additional evidence at the hearing on the motion. The trial court lacked jurisdiction to hear the motion in the first place.

■ "It is axiomatic . . . that a motion for new trial cannot be entertained or granted after judgment is entered." (*People* v. *Hales,* 244 Cal.App.2d 507, 511 [53 Cal.Rptr. 161]; Pen. Code § 1182.) ■ The rule permitting the entertaining of a motion for new trial where the

judgment is thereafter vacated or set aside (see *People* v. *Hales, supra,* at p. 511), has no application where the appellate court affirms the conviction as such, and merely orders a limited reversal and remand for sentencing or other post trial procedures. (*People* v. *Pineda,* 253 Cal.App.2d 443, 449-454 [62 Cal.Rptr. 144]; *People* v. *Oppenheimer,* 236 Cal.App.2d 863, 866 [46 Cal.Rptr. 476].) In *Pineda, supra,* the judgment was reversed for resentencing. The court concluded (at p. 453): "In the instant case, the defendant had a right to move for a new trial before the pronouncement of the original judgment, he waived it, and then exercised his remedy of appeal against that judgment and the conviction upon which it was, and upon which the present judgment now is, predicated. The affirmance of the issue of guilt on the first appeal precludes subsequent review by the trail court on a motion for new trial." And in *Oppenheimer, supra,* the court stated (at p. 866): "Since our mandate directed only that the order granting probation be vacated, and the original sentence be corrected in the particulars above referred to, it follows that the time for making a motion for a new trial had long since passed, since, under Penal Code section 1182, such a motion must be made prior to judgment. Since the motion for a new trial was not timely made, any errors in connection with its denial are immaterial; the court had no power to receive, or to act upon, the motion."

The Attorney General, with commendable objectivity, points out that the judgment should be modified in accordance with *People* v. *Floyd,* 71 Cal.2d 879, 885 [80 Cal.Rptr. 22, 457 P.2d 862]. As to the robbery counts, the recitals in the judgment that "defendant was armed as alleged" should be modified to provide that at the time of the commission of the offense sections 3024 and 12022 of the Penal Code were inapplicable, but that defendant was armed within the meaning of section 1203 of the Penal Code. The judgment should also specify the nature of the weapon. (*People* v. *Floyd, supra; People* v. *King,* 71 Cal.2d 885, 886 [80 Cal.Rptr. 26, 457 P.2d 866]; *People* v. *Hogan,* 71 Cal.2d 888, 893 [80 Cal.Rptr. 28, 457 P.2d 868].)

The judgment is modified by striking the words "defendant was armed as alleged" and substituting therefore the words: "and defendant was armed with a gun at the time of the commission of the offense within the meaning of section 1203 of the Penal Code, but sections 3024 and 12022 of said

code are not applicable"; as so modified the judgment is affirmed and the attempted appeal from the order denying a new trial is dismissed.

Kingsley, J., and Dunn, J., concurred.