Filed 3/20/19

<u>**CERTIFIED FOR PUBLICATION**</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>DARYL HARGIS,<br><br>　　Defendant and Appellant. | F076087<br><br>(Super. Ct. No. BF130354B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. John W. Lua, Judge.

David Y. Stanley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and R. Todd Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

In this case, we examine the interplay among remand orders, changes in the law, and finality of judgments in criminal cases. Two questions are presented, both arising from a case in which Daryl Hargis (defendant), then a minor, was directly charged and tried as an adult. His convictions and sentence were affirmed on appeal, and the matter was remanded to the trial court for the limited purpose of permitting him to make a record of information relevant to his eventual youth offender parole hearing.

First, after the appellate opinion was filed, but before remittitur issued, voters eliminated prosecutorial discretion to file charges against certain juvenile defendants directly in a court of criminal (adult) jurisdiction. Is defendant entitled to a juvenile fitness/transfer hearing under the new law, despite the limited remand order? We hold the answer is yes.

Second, after the remittitur issued and proceedings on remand took place, but while the appeal following those proceedings was pending, the Legislature gave trial courts discretion to strike firearm enhancements. Such discretion did not exist at the time defendant was sentenced. Is defendant entitled to a remand to have the trial court exercise its new discretion? We conclude the answer depends on the outcome of the juvenile fitness/transfer hearing.

## FACTS AND PROCEDURAL HISTORY

On September 20, 2009, defendant and several cohorts approached a 7-Eleven store in Bakersfield, intending to rob it. As they neared the store, police arrived. One of defendant's companions shot and wounded an officer before being shot himself. Defendant was taken into custody while attempting to flee the vicinity of the store. Parts of a BB (replica) gun that was not operational were found near his location.

Defendant was convicted of attempted murder of a peace officer engaged in the lawful performance of his duties (Pen. Code,[1] §§ 187, subd. (a), 664, subd. (e); count one), assault with a semiautomatic firearm on a peace officer (§ 245, subd. (d)(2); count two), attempted second degree robbery (§§ 212.5, subd. (c), 664; count three), conspiracy to commit second degree robbery (§ 182, subd. (a)(1); count four), and active participation in a criminal street gang (§ 186.22, subd. (a); count seven). As to counts one through four, the jury found the offense was committed for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)), and that a principal in the offense personally and intentionally discharged a firearm, causing great bodily injury (§ 12022.53, subds. (d), (e)(1)). Defendant was sentenced to a total unstayed term of 16 months plus 57 years to life in prison.

On defendant's first appeal, we affirmed the judgment in its entirety. The California Supreme Court granted review and remanded the case to us with directions to vacate our decision and to reconsider the cause in light of *People v. Franklin* (2016) 63 Cal.4th 261, 283-284 (*Franklin*). We again affirmed the judgment — expressly including the sentence — but remanded the matter to the trial court for a determination whether defendant was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing and, if not, to afford him that opportunity. The opinion was filed October 31, 2016.

On November 8, 2016, voters enacted Proposition 57, the "Public Safety and Rehabilitation Act of 2016" (Proposition 57). It went into effect the next day. (Cal. Const., art. II, § 10, former subd. (a).) Insofar as is pertinent, Proposition 57 eliminated the People's ability to initiate criminal cases against juvenile offenders anywhere but in juvenile court. Instead, it requires prosecutors to commence such actions in juvenile court. If a prosecutor wishes to try a juvenile as an adult, the juvenile court must conduct

---

[1] All statutory references are to the Penal Code unless otherwise stated.

a fitness or transfer hearing to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to criminal (adult) court can the juvenile be tried and sentenced as an adult. Proposition 57 also removed the presumption of unfitness that previously attached to the alleged commission of certain offenses. (See generally Welf. & Inst. Code, §§ 602, 707, subds. (a), (b); *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 303 (*Lara*).)

Remittitur issued with respect to our second opinion on January 3, 2017. On March 2, 2017, the trial court set the matter for hearing in accordance with the remittitur. On March 13, 2017, defendant, acting in pro per., filed a motion to have the case remanded to juvenile court pursuant to Proposition 57. The People responded that (1) the subject of defendant's motion fell outside the scope of the hearing permitted by this court's remand, and (2) Proposition 57 did not apply retroactively in any event.

On May 22, 2017, the trial court ruled it had no jurisdiction to entertain defendant's motion and denied the motion on that basis. The court remarked that the motion would be better heard by the court that had jurisdiction, namely the Court of Appeal. On June 21, 2017, the court afforded defendant the opportunity to present evidence and information the defense wished to memorialize for purposes of consideration by parole boards in the future. Defense counsel again raised the Proposition 57 issue; the court reiterated that it did not have jurisdiction over that subject and was "not the proper forum at this time to conduct any Proposition 57 hearings . . . ." Defendant filed a timely notice of appeal.

Effective January 1, 2018, sections 12022.5, subdivision (c) and 12022.53, subdivision (h) were amended, pursuant to Senate Bill No. 620, to allow trial courts to strike or dismiss, in the interest of justice pursuant to section 1385, firearm enhancements otherwise required to be imposed by those sections. (Stats. 2017, ch. 682, §§ 1, 2.)

4.

On February 1, 2018, the California Supreme Court held that "Proposition 57 applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Lara*, *supra*, 4 Cal.5th at p. 304.)

Defendant now contends the case must be remanded (1) for a fitness/transfer hearing in juvenile court and (2) so the court can exercise its discretion whether to strike the firearm enhancements. As to the first claim, the Attorney General says issues pertaining to Proposition 57 are barred by the limited nature of our remand in defendant's second appeal.[2] As to the second claim, the Attorney General says the amendments to the firearm enhancements are beyond the scope of the appeal following the limited remand. He further says that while the People concede the retroactivity of the amendments to cases not yet final upon appeal, defendant's judgment and sentence became final before the amendments went into effect and so the amendments do not apply to him.

## DISCUSSION

### A.      Proposition 57

The legal principles regarding remittiturs have often been stated in terms that appear to support the Attorney General's position that the trial court lacked jurisdiction to entertain defendant's Proposition 57 motion. "After the certificate of the judgment has been remitted to the court below, . . . all orders necessary to carry the judgment into effect shall be made by the court to which the certificate is remitted." (§ 1265, subd. (a).) Thus, once the remittitur issues, "the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court." (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1366 (*Dutra*), italics omitted.) Stated another way,

---

[2]      The Attorney General also takes the position Proposition 57 does not apply retroactively to defendant. As noted, the California Supreme Court held otherwise in *Lara*, which was decided after briefing was completed in this appeal. Accordingly, we do not further address the retroactivity of Proposition 57.

5.

"[u]pon issuance of the remittitur, the trial court's jurisdiction with regard to the 'remitted action' is limited solely to the making of orders necessary to carry the judgment into effect. [Citations.]" (*People v. Ainsworth* (1990) 217 Cal.App.3d 247, 251-252, fn. omitted; accord, *People v. Maggio* (1929) 96 Cal.App. 409, 411.) "[T]he terms of the remittitur define the trial court's jurisdiction to act. 'The order of the appellate court as stated in the remittitur, "is decisive of the character of the judgment to which the appellant is entitled." ' [Citations.]" (*Snukal v. Flightways Manufacturing, Inc.* (2000) 23 Cal.4th 754, 774, fn. 5.) "A trial court may not disobey a remittitur, as that would amount to overruling the appellate court's decision, thereby violating a basic legal principle: 'Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court.' [Citation.]" (*Dutra*, *supra*, 145 Cal.App.4th at p. 1362.)

Nevertheless, it is indisputable that defendant, who was 16 years old at the time of the offenses of which he was convicted, is entitled to a juvenile fitness/transfer hearing pursuant to Proposition 57, as he was charged directly in adult court and his judgment was not final at the time the new law was enacted. (*Lara*, *supra*, 4 Cal.5th at p. 304.)[3] Proposition 57 repealed former subdivision (d) of Welfare and Institutions Code section 707 (Prop. 57, § 4.2, as approved by voters, Gen. Elec. (Nov. 8, 2016), eff. Nov. 9, 2016), "and now requires 'a judge, not a prosecutor, to decide whether juveniles should be tried in adult court' [citations]." (*People v. Barboza* (2018) 21 Cal.App.5th 1315, 1318.)

---

**3** California Rules of Court, rule 8.366(b)(1) provides that, in general, a Court of Appeal decision in a criminal proceeding is final in that court 30 days after filing. For the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has elapsed. (*People v. Vieira* (2005) 35 Cal.4th 264, 306; *In re Pine* (1977) 66 Cal.App.3d 593, 594.) A petition for writ of certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after entry of judgment of a state court of last resort. (U.S. Supreme Ct. Rules, rule 13.)

No case to which we have been cited, or that our own research has uncovered, deals with a scenario in which a change in the law of such a fundamental nature has intervened between a reviewing court's issuance of its opinion and the return of jurisdiction to the trial court through issuance of the remittitur. For instance, in *People v. Deere* (1991) 53 Cal.3d 705, the California Supreme Court held that where a judgment was reversed as to penalty but affirmed in all other respects, only errors relating to the penalty phase retrial could be considered in the subsequent appeal; hence, it rejected the defendant's claims that trial counsel rendered ineffective assistance at the guilt phase. (*Id*. at p. 713.)

In *People v. Rittger* (1961) 55 Cal.2d 849, the California Supreme Court affirmed a judgment of death and an order denying the defendant's motion for a new trial or reduction of the penalty. Upon issuance of the remittitur, the trial court set the date for reimposition of the death sentence pursuant to section 1193. In the trial court, the defendant filed a motion to modify the death sentence. (*Rittger*, *supra*, at pp. 850-851.) The Supreme Court held the trial court correctly concluded it lacked jurisdiction to entertain the motion to reduce the penalty, since, once the remittitur issued, the lower court could only do the things required by law toward execution of the judgment and could not change the judgment. (*Id*. at p. 852.)

In *People v. Murphy* (2001) 88 Cal.App.4th 392, the defendant was convicted of petty theft with three prior convictions, each of which qualified as a strike for purposes of the three strikes law. On appeal, we remanded the case to the trial court to decide whether to exercise its discretion to vacate one or more of the strike findings under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. We affirmed the judgment in all other respects and did not reverse the sentence. Upon remand, the trial court declined to vacate the strike findings and did not resentence the defendant. (*Murphy*, *supra*, at pp. 393-395.) On the ensuing appeal, the defendant asserted the trial court improperly used a prior conviction both to elevate his petty theft to a felony and to invoke the

7.

sentencing provisions of the three strikes law.  (*Id.* at p. 394.)  We observed that "[i]n an appeal following a limited remand, the scope of the issues before the court is determined by the remand order.  [Citations.]"  (*Id.* at pp. 396-397.)  We concluded that since the trial court chose not to vacate a strike finding, it was not required to resentence the defendant, and so the matter of the defendant's sentence was not again before it.  As a result, the defendant could not argue, on his second appeal, improper dual use of his prior convictions.  The time for him to have raised that objection was on his first appeal.  (*Id.* at p. 397.)

In *People v. Webb* (1986) 186 Cal.App.3d 401, the defendant was convicted of offenses committed in August 1982.  He pled guilty to multiple charges and was sentenced to prison.  On appeal, the judgment of conviction was affirmed but the matter was remanded for resentencing.  Following his resentencing, the defendant again appealed, contending that, under section 1192.7 (which was added to the Penal Code at the June 1982 Primary Election), the trial court had no jurisdiction to accept his plea bargain.  (*Webb*, *supra*, at pp. 404, 409-410.)  The Court of Appeal rejected the claim, observing that since it affirmed the judgment of conviction in the prior appeal and remanded only for resentencing, the defendant could not be permitted to make a direct attack upon his convictions in the second appeal.  (*Id.* at p. 410.)

In *People v. Smyers* (1969) 2 Cal.App.3d 666, the Court of Appeal found no errors in the conduct of the defendant's trial, but reversed solely because the defendant was denied his right to counsel at the posttrial arraignment for judgment hearing.  The reversal was specifically limited to the purpose only of rearraigning the defendant for judgment.  In his subsequent appeal, the defendant attempted to raise what he considered to be errors in the conduct of his trial.  Relying on the law of the case doctrine (rather than the jurisdiction conferred by the remittitur), the appellate court concluded the defendant was entitled to raise only errors connected with the hearing in which the defendant was rearraigned for judgment and sentence.  (*Id.* at p. 668.)

8.

*Dutra*, *supra*, 145 Cal.App.4th 1359, comes closest to the situation in the present case. After the defendant's conviction and notice of appeal, the United States Supreme Court decided *Blakely v. Washington* (2004) 542 U.S. 296, holding that the Sixth Amendment entitled a Washington defendant to a jury trial on sentencing factors. (*Dutra*, *supra*, 145 Cal.App.4th at p. 1363.) The Court of Appeal affirmed the defendant's felony convictions. Based on an explicit concession by the Attorney General, the court gave the People the option of accepting a middle term sentence on one count or a remand for a sentencing trial. The People did not accept the sentence or petition for rehearing or review, and so the remittitur ordered a sentencing trial. Because of an intervening decision of the California Supreme Court, *People v. Black* (2005) 35 Cal.4th 1238, the trial court did not conduct such a trial, and the defendant again appealed. (*Dutra*, *supra*, 145 Cal.App.4th at pp. 1361-1362.) The Attorney General argued that although the decision in the first opinion constituted the law of the case, an exception to that doctrine exists for changes in the governing law. Since the California Supreme Court's decision represented such a change, the argument ran, the trial court was authorized to disobey the remittitur. (*Id*. at p. 1362.) The Court of Appeal disagreed, observing that the trial court was bound not by the law of the case, but by the terms of the remittitur, which it had no authority to disobey. (*Ibid*.)

In *Dutra*, the intervening California Supreme Court decision addressed the same issue as the Court of Appeal decided in the original appeal, and as to which that court's remittitur issued. In the present case, by contrast, defendant's entitlement to a juvenile fitness/transfer hearing could not have been raised in defendant's appeal from his convictions and sentence, because Proposition 57 did not exist at any time prior to issuance of our opinion in that appeal and, under settled law, defendant was not entitled to such a hearing. As a result, the issue was not, and could not have been, addressed in our remand order, and so it was not within the scope of the remittitur.

Under the unique circumstances of this case, and in light of the California Supreme Court's conclusion Proposition 57 applies to *all* juveniles whose cases were filed directly in adult court and whose convictions were not final at the time of its enactment (*Lara*, *supra*, 4 Cal.5th at p. 304), we conclude the trial court should have entertained and granted defendant's motion for a juvenile fitness/transfer hearing. We do not believe our limited remand constituted a straightjacket for the trial court such that it had no power to hear a motion on an issue that could not have been raised on defendant's prior appeal, and which concerned a change in the law that altered the court's authority to adjudicate defendant's case in criminal (adult) court in the first instance. (See generally *Lara*, *supra*, 4 Cal.5th at p. 305 [Prop. 57 largely returned California to historical rule whereby anyone younger than 18 years old who violates criminal law comes within jurisdiction of juvenile court, which may adjudge him or her a ward of that court].)

Entertaining the motion would not have required the trial court to disobey the remittitur. We have, in the past, directed that juvenile fitness/transfer hearings be held first, with *Franklin* hearings then held only if the court determines it would have transferred the defendant to a court of criminal (adult) jurisdiction. (See, e.g., *People v. Diaz* (2018) 21 Cal.App.5th 538, 546.) Since a *Franklin* hearing does not affect the judgment, however, that sequence need not be invariable. Indeed, the information to be presented at the hearings often will overlap. (See § 4801, subd. (c); Welf. & Inst. Code, § 707, subd. (a); *Lara*, *supra*, 4 Cal.5th at pp. 305-306; *Franklin*, *supra*, 63 Cal.4th at p. 283.)

Finally, even if the trial court properly concluded it lacked jurisdiction to entertain the motion, the Proposition 57 issue has now been brought before us. The scope of our prior remand is no longer relevant to our analysis, as the law entitles defendant to a juvenile fitness/transfer hearing. (See *People v. Lincoln* (2007) 157 Cal.App.4th 196,

204, fn. 3.)  We are bound by the law to afford him that hearing, and so will conditionally reverse his convictions and sentence, as more fully set out in our disposition, *post*.[4]

## B.     Senate Bill No. 620

At the time defendant was charged, convicted, and sentenced, subdivision (h) of section 12022.53 provided:  "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section."  Accordingly, the trial court was required to enhance four of defendant's convictions by 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1).[5]

The Legislature subsequently enacted Senate Bill No. 620 (Stats. 2017, ch. 682, § 2).  Pursuant thereto, subdivision (h) of section 12022.53 was amended to provide:  "The court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this

---

[4]     Defendant is not entitled to a jurisdictional hearing, or the equivalent of a second trial, in juvenile court, however.  (*Lara*, *supra*, 4 Cal.5th at pp. 309-310.)

We recognize defendant has, by now, reached an age beyond the juvenile court's jurisdiction.  (See Welf. & Inst. Code, §§ 607, 1769, 1771.)  Nevertheless, as we have noted, the California Supreme Court has decreed that Proposition 57 "applies to *all* juveniles charged directly in adult court whose judgment was not final at the time it was enacted."  (*Lara*, *supra*, 4 Cal.5th at p. 304, italics added.)  We are bound to accept and follow our state high court's holding.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  Welfare and Institutions Code section 707, subdivision (a)(3)(B)(i) requires a juvenile court to consider, in a fitness/transfer hearing, "[w]hether the minor can be rehabilitated prior to the expiration of the juvenile court's jurisdiction."  (See *C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1031-1032 [discussing Welf. & Inst. Code, § 707, former subd. (a)(2)(B)(i), now subd. (a)(3)(B)(i)].)  This factor does not become irrelevant or unfeasible merely because the offender can no longer be retained under the juvenile court's jurisdiction if that court determines it would not have transferred him or her to a court of criminal (adult) jurisdiction.  (See *People v. Garcia* (2018) 30 Cal.App.5th 316, 321, 325 [conditional reversal ordered to allow fitness/transfer hearing in juvenile court pursuant to Prop. 57; offenses were committed in 1995, when defendant was 17 years old].)

[5]     Two were stayed pursuant to section 654.

section.  The authority provided by this subdivision applies to any resentencing that may occur pursuant to any other law."

The amendment went into effect on January 1, 2018.  As previously stated, our opinion in defendant's previous appeal — which expressly affirmed his sentence — was filed October 31, 2016.  Remittitur issued January 3, 2017.  Thus, defendant's case had been final for some time when the amendment went into effect.  (See *People v. Vieira*, *supra*, 35 Cal.4th at p. 306.)

"When the Legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act.  It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply.  The amendatory act imposing the lighter punishment can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final."  (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).)  Accordingly, "[w]hen the Legislature has amended a statute to reduce the punishment for a particular criminal offense, we will assume, absent evidence to the contrary, that the Legislature intended the amended statute to apply to all defendants whose judgments are not yet final on the statute's operative date.  [Citation.]"  (*People v. Brown* (2012) 54 Cal.4th 314, 323, fn. omitted.)  As a result, Senate Bill No. 620 and the associated amendment to section 12022.53 apply retroactively to *nonfinal* cases.  (E.g., *People v. Billingsley* (2018) 22 Cal.App.5th 1076, 1079-1080; *People v. Harris* (2018) 22 Cal.App.5th 657, 659; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)  Because defendant's judgment was final before the amendment went into effect, his case does not fall within *Estrada*'s qualification to the ordinary presumption that statutes operate prospectively.  (See § 3; *People v. Brown*, *supra*, 54 Cal.4th at p. 323.)

Defendant argues that new statutes "can and sometimes must be applied retroactively to all cases, including those with final judgments." It is true "[t]here is nothing in *Estrada* that prohibits the application of revised sentencing provisions to persons whose sentences have become final if that is what the Legislature intended or what the Constitution requires." (*In re Chavez* (2004) 114 Cal.App.4th 989, 1000.) Nevertheless, " 'in the absence of an express retroactivity provision . . . [or] unless it is very clear from extrinsic sources that the Legislature or the voters must have intended a retroactive application,' ameliorative legislation does not affect convictions that have become final. [Citation.]" (*People v. Martinez* (2018) 4 Cal.5th 647, 655.) Defendant offers no reason why the Constitution would require Senate Bill No. 620 to be applied retroactively to all cases, regardless of finality. Nor do we find any indication the Legislature intended the enactment's provisions to extend to persons whose sentences have become final, except insofar as such a person may be resentenced under some other law. "[I]f the Legislature wanted to provide a specific procedure via petition or motion to reopen final cases for resentencing, it could have done so. (See, e.g., §§ 1170.126, 1170.18.) It did not." (*People v. Harris*, *supra*, 22 Cal.App.5th at p. 662; see *People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)

Accordingly, whether defendant may receive the benefit of Senate Bill No. 620 depends on the outcome of his juvenile fitness/transfer hearing. The Legislature expressly extended the authority of a trial court to strike or dismiss a section 12022.53 enhancement "to any resentencing that may occur pursuant to *any* other law." (§ 12022.53, subd. (h), italics added.)[6] Although " '[t]here is no "sentence," per se, in juvenile court,' " the dispositional hearing conducted in that court is equivalent to a sentencing hearing in criminal (adult) court. (*Lara*, *supra*, 4 Cal.5th at p. 306.) This

---

**6** The same is true of an enhancement imposed pursuant to section 12022.5. (§ 12022.5, subd. (c).)

being the case, we believe the Legislature intended to extend Senate Bill No. 620's reach so as to afford juvenile courts the discretion whether to strike or dismiss firearm enhancements.

Defendant's case was not final when Proposition 57 went into effect. His convictions and sentence will be conditionally reversed and remanded to the juvenile court for a fitness/transfer hearing. If defendant is retained under juvenile court jurisdiction, the juvenile court will impose an appropriate disposition. In fashioning that disposition, the court must exercise its new discretion whether to dismiss or strike defendant's firearm enhancements, because the dispositional hearing will be akin to a resentencing. If, however, defendant remains in criminal (adult) court, his convictions and sentence will be reinstated. As his adult sentence was already final at the time Senate Bill No. 620 went into effect, he will not be entitled to have the trial court exercise its discretion under that enactment.

## DISPOSITION

The convictions and sentence are conditionally reversed and remanded to the juvenile court with directions to conduct a juvenile transfer hearing. (Welf. & Inst. Code, § 707.) When conducting said hearing, the juvenile court shall, to the extent possible, treat the matter as though the prosecutor had originally filed a juvenile petition in juvenile court and had then moved to transfer defendant's cause to a court of criminal (adult) jurisdiction. (*Id*., subd. (a)(1).)

If, after conducting the juvenile transfer hearing, the juvenile court finds it would *not* have transferred defendant to a court of criminal (adult) jurisdiction, it shall treat defendant's convictions as juvenile adjudications; exercise its discretion under Penal Code section 12022.53, subdivision (h), as amended by Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018); and impose an appropriate disposition within its discretion.

14.

If, after conducting the juvenile transfer hearing, the court determines it would have transferred defendant to a court of criminal (adult) jurisdiction because he is not a fit and proper subject to be dealt with under the juvenile court law, then defendant's convictions and sentence shall be reinstated.  (Welf. & Inst. Code, § 707.1, subd. (a).)

_____

DETJEN, J.

WE CONCUR:

_____

POOCHIGIAN, Acting P.J.

_____

FRANSON, J.

15.