Filed 10/9/20  P. v. Ruiz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306056 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. VA127468 |
| MICHAEL DONNY RUIZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Debra Cole-Hall, Judge. Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Michael Donny Ruiz appeals from the postjudgment order denying his requests for resentencing. Our independent review of the record has revealed no arguable appellate issues, and we affirm.

## BACKGROUND

On January 17, 2014, defendant pled no contest to assault by means likely to produce great bodily injury (Pen. Code,[1] § 245, subd. (a)(4)), and admitted personally inflicting great bodily injury in committing that offense (§ 12022.7, subd. (a)). Defendant also admitted suffering two prior serious felony convictions (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)). The trial court sentenced defendant to a total of 20 years in state prison.

On April 15, 2020, defendant filed a petition for resentencing under Senate Bill No. 1393, and a motion for resentencing under Senate Bill No. 620. The court denied the requests on April 15, 2020.

Defendant filed a timely notice of appeal from the order, and we appointed counsel to represent him. On August 4, 2020, appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. We notified defendant that his attorney had filed a brief that raised no issues and that he could submit by brief or letter any grounds for an appeal, or

---

[1] All undesignated statutory references are to the Penal Code.

contentions or arguments he wished this court to consider. We have not received a response.

## DISCUSSION

Senate Bill No. 620 went into effect on January 1, 2018, and amended sections 12022.5 and 12022.53 to allow the trial court to strike firearm enhancements in the interest of justice. (*People v. Hargis* (2019) 33 Cal.App.5th 199, 209.) Senate Bill No. 1393 went into effect on January 1, 2019, and amended sections 667 and 1385 to remove the prohibitions on striking or dismissing a five-year prior serious felony enhancement. (See Stats. 2018, ch. 1013, §§ 1–2.)

Here, the court did not impose a firearm enhancement. And, in any event, the judgment became final when defendant failed to appeal it years ago before the enactment of Senate Bill No. 620 and Senate Bill No. 1393. Accordingly, the court did not err in denying defendant's requests for resentencing under Senate Bill Nos. 620 and 1393.

We have examined the entire record, and are satisfied appellate counsel has fully complied with his responsibilities and no arguable issues exist in the appeal before us.

## DISPOSITION

The order is affirmed.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.