Filed 4/26/23  P. v. Sanders CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RICKY SANDERS,<br><br>      Defendant and Appellant. | A162710<br><br><br>(San Mateo County<br>Super. Ct. No. SC077150A) |

Defendant appeals following a remand from this court for resentencing on convictions of 44 felonies including second degree robbery, attempted second degree robbery, false imprisonment, criminal threats, assault with a firearm, felon in possession of a firearm, and mayhem, accompanied by firearm enhancements and prior serious felony allegations.  (Pen. Code, §§ 203, 211, 212.5, subd. (c), 236, 422, subd. (a), 245, subd. (a)(2), 664, 12022.5, subd. (a), 12022.53, subds. (b) & (d), 667, subd. (a), 1170.12; *id.*, former § 12021, subd. (a)(1).)  Defendant complains of sentencing errors at his resentencing hearing and asserts that his motion for new trial was improperly denied based on a lack of jurisdiction.  The People agree that another remand for resentencing is warranted but argue defendant's new trial motion was properly denied.  We agree with the parties that resentencing is required and remand for this purpose.  We reject defendant's

contention, however, that the trial court erred in denying his motion for new trial.

## BACKGROUND

We summarize only the facts necessary to provide context and resolve this appeal.  We incorporate by reference the opinion in defendant's prior appeal (*People v. Sanders* (Oct. 19, 2016, A142875) [nonpub. opn.]).

Defendant committed multiple armed robberies at numerous retail establishments over the course of an eight-month period in 2011.  In February 2014, following a jury trial, defendant was convicted of 16 counts of second degree robbery (Pen. Code, §§ 211, 212.5; counts 1, 2, 4, 5, 7, 8, 10, 11, 12, 13, 14, 31, 32, 36, 39, 41), nine counts of felon in possession of a firearm (*id.*, former § 12021, subd. (a)(1); counts 3, 6, 9, 18, 23, 26, 30, 35, 44), five counts of attempted robbery (*id.*, §§ 211, 212.5, 664; counts 19, 20, 24, 27, 28), five counts of assault with a firearm (*id.*, § 245, subd. (a); counts 15, 25, 29, 38, 40), seven counts of felony false imprisonment (*id.*, § 236; counts 16, 21, 22, 33, 34, 42, 43), one count of criminal threats (*id.*, § 422; count 17), and one count of mayhem (*id.*, § 203; count 37).  The jury found true firearm use enhancements under Penal Code section 12022.5, subdivision (a) as to the assault, false imprisonment, and criminal threats counts (counts 15, 16, 17, 21, 22, 25, 29, 33, 34, 38, 40, 42, 43).  The jury also found true firearm use enhancements under section 12022.53, subdivision (b) as to the robbery and attempted robbery counts (counts 1, 2, 4, 5, 7, 8, 10, 11, 12, 13, 14, 19, 20, 24, 27, 28, 31, 32, 39, 41).  As to one of the robbery counts and the mayhem count (counts 36, 37), the jury found defendant intentionally discharged a firearm causing great bodily injury under section 12022.53, subdivision (d).

The trial court determined that defendant suffered four prior convictions for purposes of the Three Strikes law (Pen. Code, § 1170.12) and

one prior serious felony conviction for the purpose of the five-year enhancement under Penal Code section 667, subdivision (a). It also found true allegations that defendant was ineligible for probation because he committed the offenses while on parole. (*Id.*, § 1203.085, subds. (a) & (b).) Sanders was sentenced to an aggregate term of 834 years to life.

Defendant's first appeal raised the following issues: (1) he was incorrectly convicted of multiple counts of felon in possession of a firearm because his continuous possession of the same weapon over the period when the robberies were committed was a single offense; (2) prosecutorial misconduct and ineffective assistance of counsel regarding examination of witnesses concerning gun use; (3) cruel and unusual punishment; (4) the great bodily injury enhancement on count 40 must be reversed because the jury did not receive a verdict form requesting a true finding and did not make such a finding; (5) the abstract of judgment erroneously stated a term of 25 years to life was imposed for the felon in possession of firearm violation in count 18; (6) the trial court erroneously found true special allegations under Penal Code section 1203.085 (ineligibility for probation of parolee convicted of felony) which were not alleged in the information.

This court rejected defendant's claims of prosecutorial misconduct, ineffective assistance of counsel, and cruel and unusual punishment. However, it granted defendant relief as to the sentencing errors. The disposition states: "[Defendant's] convictions in counts 6, 9, 18, 23, 26, 30, 35, 44, for felon in possession of a firearm in violation of former section 12021, are reversed. The trial court is directed to resentence [defendant] on count 3, the sole remaining conviction under former section 12021, consistent with the views expressed in this opinion, and shall stay that sentence pursuant to section 654. As to count 40, the three-year great bodily injury enhancement

3

under section 12022.7, subdivision (a), is stricken.  The court shall prepare an amended abstract of judgment, which shall also include a correction of the sentence imposed for mayhem under count 37 as described in footnote 4 of this opinion, and shall forward the same to the California Department of Corrections and Rehabilitation (CDCR).  The judgment is otherwise affirmed."[1]

In May 2019, defendant in pro. per. filed a motion to strike the firearm enhancements under then recently enacted Senate Bill No. 620 (2019–2020 Reg. Sess.) (Sen. Bill 620).  Defendant's motion also informed the trial court that the sentencing issues ordered to be addressed on remand by this court had not yet been acted upon.

By November 10, 2020, defendant had counsel, and he filed a motion for a new trial based on (1) ineffective assistance of counsel for (a) failure to suppress all cell tower location evidence, (b) denial of counsel at a physical lineup, (c) failure to present impeaching evidence, (d) failure to investigate and present fingerprint and DNA evidence, and (e) failure to object to gun, ammunition and holster evidence; (2) newly discovered evidence; and (3) cumulative errors.  Defendant's motion also addressed sentencing issues. He argued that Sen. Bill 620 and Senate Bill No. 1393 (2017–2018 Reg. Sess.) (Sen. Bill 1393)—which confer discretion on the trial court to strike firearm and prior serious felony enhancements—should apply to him at resentencing because his sentence was not yet final.  (Pen. Code, § 1385, amended by

---

[1] Footnote 4 of our prior opinion states that the abstract of judgment on count 37 "should . . . reflect a Three Strikes term of 38 years to life plus a consecutive 25-year-to-life enhancement under section 12022.53, subdivision (d), and a consecutive five-year serious felony enhancement under section 667, subdivision (a)."

4

Stats. 2018, ch. 1013, § 2, eff. Jan. 1, 2019; Pen. Code, § 12022.53, amended by Stats. 2017, ch. 682, § 2, eff. Jan. 1, 2018.)

On April 16, 2021, the trial court heard argument as to whether it had jurisdiction to decide the merits of defendant's motion for new trial on remand. The trial court denied defendant's motion for new trial on the grounds that it had no jurisdiction to hear the motion, which was filed after judgment was entered. The trial court also denied defendant's motion for resentencing on all counts, finding it was "procedurally bound" from resentencing other than as directed by this court. It modified defendant's sentence as stated in this court's disposition, which resulted in an aggregate sentence of 831 years to life.

## DISCUSSION

### I. *Resentencing*

Defendant contends the trial court erroneously failed to reconsider his entire sentence under the "full resentencing rule" discussed in *People v. Buycks* (2018) 5 Cal.5th 857. He requests remand for resentencing at which the trial court may (1) exercise its discretion provided by Sen. Bill 620 to strike or dismiss firearm enhancements imposed under Penal Code section 12022.53; (2) exercise its discretion provided by Sen. Bill 1393 to dismiss or strike prior serious felony enhancements; (3) consider whether to impose a shorter prison term under recent amendments to Penal Code section 654 (Assem. Bill No. 518 (2020–2021 Reg. Sess.)); (4) consider imposing the middle term for count 37 under amendments to Penal Code section 1170, subdivision (b)(1) (Sen. Bill No. 567 (2020–2021 Reg. Sess.)); and (5) consider imposing lower prison terms under amendments to Penal Code section 1170, subdivision (b)(2)(A) (Assem. Bill No. 124 (2021–2022 Reg. Sess.)), which authorize consideration of whether defendant's psychological, physical, and

5

childhood trauma were contributing factors in the commission of an offense. The People concede that remand is appropriate under the full resentencing rule.

We agree with the parties that the trial court had jurisdiction on remand to consider a full resentencing. (*People v. Buycks, supra*, 5 Cal.5th at p. 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].) At a resentencing hearing, the trial court is "entitled to consider the entire sentencing scheme" and is "[n]ot limited to merely striking illegal portions . . . ." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.) However, the trial court may not increase a defendant's aggregate prison term in resentencing on remand from a partially successful appeal. (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253, 1256.)

The trial court erred when it declined to consider striking defendant's firearm enhancements under amended Penal Code section 12022.53, subdivision (h) (Sen. Bill 620) or striking defendant's prior serious felony enhancements under amended Penal Code sections 667 and 1385 (Sen. Bill 1393). Both Sen. Bill 620 and Sen. Bill 1393 apply retroactively to defendants whose sentences are not yet final. (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090–1091 [amendment to Pen. Code, § 12022.53, giving trial court discretion to strike firearm enhancement, applies retroactively]; *People v. Reneaux* (2020) 50 Cal.App.5th 852, 875–876 [Sen. Bill 1393 amendments to Pen. Code, §§ 667, subd. (a), 1385, subd. (b), allowing trial court to exercise discretion to strike or dismiss a prior serious felony enhancement, apply retroactively].) Defendant contends that he is also entitled to the benefit of amendments to sentencing statutes included in

6

Senate Bill No. 567, Assembly Bill No. 518, and Assembly Bill 124, all of which became effective January 1, 2022. We agree with the parties that each of these bills reduce punishment in certain circumstances and apply retroactively to sentences that are not final. (*People v. Conley* (2016) 63 Cal.4th 646, 657 ["The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not"].)

Accordingly, we remand for a further resentencing hearing at which the trial court shall consider the entire sentencing scheme and exercise its discretion under current sentencing statutes. We express no opinion as to how the trial court should exercise its discretion upon remand.

## II.    *New Trial Motion*

Defendant contends the trial court erred in denying his motion for new trial based on a lack of jurisdiction. We disagree.

A trial court lacks jurisdiction to consider a new trial motion where—as here—a case has been remanded solely for resentencing. (*People v. Smyers* (1969) 2 Cal.App.3d 666, 668–669; *People v. Oppenheimer* (1965) 236 Cal.App.2d 863, 866 [trial "court had no power to receive, or to act upon," new trial motion where case was remanded to vacate probation order, rearraign the defendant, and impose sentence].) Under Penal Code section 1182: "The application for a new trial must be made and determined before judgment [or] the making of an order granting probation . . . ." Here, defendant was originally sentenced in August 2014, six months after the jury returned guilty verdicts. Defendant appealed from that judgment and prevailed on certain sentencing issues; however, as this court's prior decision states, "[t]he

judgment [was] otherwise affirmed." On remand, the trial court had jurisdiction to consider defendant's sentence in its entirety, but it did not have jurisdiction to reopen issues regarding the adjudication of defendant's guilt. (Pen. Code, § 1263 ["If a judgment against the defendant is affirmed, the original judgment must be enforced"]; *People v. Pineda* (1967) 253 Cal.App.2d 443, 451 [appellate court "has power and authority to open the penalty aspect of the judgment without affecting the finality of the adjudication of guilt. To permit a new attack on the conviction in the trial court is to grant the trial court the unwarranted power to rehear a decision of the appellate court"].)

We disagree with defendant's contention that *People v. Fosselman* (1983) 33 Cal.3d 572 supports his claim that the trial court had jurisdiction to hear his new trial motion based on ineffective assistance of counsel. *Fosselman* held that a defendant may file a motion for new trial based on ineffective assistance of counsel even though ineffective assistance of counsel is not one of the statutorily enumerated bases for a new trial motion under Penal Code section 1181. (*Fosselman*, at pp. 582–583.) Notably, *Fosselman* does not involve a motion filed after a judgment was affirmed on appeal. (*Id.* at p. 578.) As explained in *People v. Shokur* (2012) 205 Cal.App.4th 1398, 1406, *Fosselman* does not "stand for the proposition that the trial court retains jurisdiction for all time to consider belated constitutional challenges to a long-since final judgment."

Defendant's reliance on *People v. McKenzie* (2020) 9 Cal.5th 40 is also misplaced. He quotes *McKenzie*'s statement, "In criminal actions, the terms 'judgment' and ' "sentence" ' are generally considered 'synonymous' " (*id.* at p. 46), and argues that because he is entitled to resentencing, his motion for new trial is timely. *McKenzie* held that an order granting probation is not a

8

final judgment for purposes of the *In re Estrada* (1965) 63 Cal.2d 740 retroactivity rule. (*McKenzie*, at pp. 46–47.) *McKenzie* does not support defendant's position that the adjudication of his guilt is not final because this court remanded for resentencing.[2]

Finally, defendant argues that even if his new trial motion was untimely, it "remained procedurally cognizable" because his prior trial counsel had an actual conflict of interest that prevented him from filing a timely new trial motion based on his own ineffectiveness. We reject this argument. As the trial court explained, defendant had six months between the jury verdicts and his sentencing within which he could have made a motion for new trial on grounds of incompetence of his counsel. Defendant did not do so. The trial court correctly determined that it lacked jurisdiction to hear defendant's new trial motion after his guilt was affirmed on appeal. (*People v. Pineda, supra*, 253 Cal.App.2d at p. 453 ["The affirmance of the issue of guilt on the first appeal precludes subsequent review by the trial court on a motion for new trial"].)

## DISPOSITION

Defendant's conviction is affirmed. The case is remanded for resentencing consistent with this opinion. The trial court shall forward an

---

[2] Defendant also asserts that on October 17, 2018, the CDCR sent a letter to the superior court notifying it of possible sentencing errors and that under the authority of *People v. Hill, supra*, 185 Cal.App.3d 831, the trial court is entitled to reconsider all sentencing choices. The actual CDCR letter does not appear to be part of the appellate record; defendant cites to his motion for new trial filed below, which generally references the CDCR letter. However, even assuming the CDCR sent the referenced letter, it would not impact our decision that the trial court had no jurisdiction to hear a motion for new trial on remand for resentencing.

amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                        _____
                                        Jackson, P. J.


WE CONCUR:


_____
Simons, J.


_____
Burns, J.