Filed 12/22/25  P. v. Edwards CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM MELVIN EDWARDS JR.,<br><br>        Defendant and Appellant. | A171192<br><br>(Contra Costa County Super. Ct. No. 5-191553-7) |

**MEMORANDUM OPINION[1]**

William Melvin Edwards Jr., appeals after his resentencing, making two arguments, that the trial court erred in (1) not allowing him to "object to the judgment prior to [re]sentencing," and (2) not awarding him all presentence custody credits to which he was entitled.  We reject the first argument, but the Attorney General concedes the second.  We thus modify the abstract of judgment, and otherwise affirm.

---

[1]     We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

1

## BACKGROUND

As Edwards acknowledges, the facts of his crimes are not relevant to the challenges raised in this appeal. As to the proceedings involved, they began in March, 2021 when the District Attorney filed an amended information charging Edwards with Count 1, conspiracy to commit murder (Pen. Code[2], §§ 182, subd. (a)(1), 187), Count 2, murder (§ 187), and Count 3, felon in possession of firearm (§ 29800, subd. (a)(1)). Counts 1 and 2 both included firearm allegations pursuant to section 12022.53, subdivision (d) and (e)(1) and gang benefit allegations pursuant to section 186.22, subdivision (b)(5). Count 2 also included two special circumstance allegations, lying in wait (§ 190.2, subd. (a)(15)) and gang benefit murder (§ 190.2, subd. (a)(22).)

In April, 2021 a jury convicted Edwards of all counts and found true findings on the allegations. And in August the trial court (the Honorable Theresa Canepa) sentenced Edwards on Count 2 to life without the possibility of parole for murder (§ 187) with the special circumstance of lying in wait (§ 190.2, subd. (a)(15)), with the term of life without the possibility of parole for gang murder (§ 190.2, subd. (a)(22)) to run concurrent, plus a consecutive term of 25 years to life for personal firearm use causing death (§ 12022.53, subd. (d)), and a term of 15 years to life for the gang enhancement (§ 186.22, subd. (b)(5)), stayed pursuant to section 654. On Count 1, Judge Canepa imposed and stayed a term of 25 years to life for conspiracy to commit murder (§ 182, subd. (a)(1)); imposed and stayed a term of 15 years to life for the gang enhancement (§ 186.22, subd. (b)(5)); and imposed and stayed the midterm of 2 years for possession of a firearm by a felon (§ 29800) on Count 3.

---

[2]     All undesignated statutory references are to the Penal Code.

Edwards appealed, an appeal that raised five issues, but did not include any claim about any issue involving wiretaps.

In a February, 2024 unpublished opinion we reversed the gang-related special circumstance and enhancement findings based on changes made to the law. (*People v. Edwards* (Feb. 27, 2024, A163457) [nonpub. opn.].) And in May we issued our remittitur, whose disposition was as follows:

"The conviction is affirmed. The gang enhancement allegation findings with respect to counts 1 and 2 (§ 186.22, subd. (b)(5)), the gang special circumstance with respect to count 2 (§ 190.2, subd. (a)(22)), and the gang-related firearm enhancement finding with respect to count 2, to the extent it was imposed under section 12022.53, subdivision (e)(1), are reversed. On remand, the People shall have the option to retry Edwards on these enhancements and the special circumstance. If they choose not to do so, the court shall resentence Edwards accordingly."

We digress briefly from the chronology of proceedings to describe some additional background, beginning in June 2024, when the Superior Court received a letter from Edwards, acting in pro per, "seeking permission to file a supplemental brief to go with the prior Motion for Discovery pursuant to [section] 1054.9 filed [on May 7, 2024]," asking the court to compel discovery of all records, "including, but not limited to, the authenticated wiretaps in full; issuing judge records; and search warrants and returns." Edwards attached several exhibits, including copies of email correspondence with Micah Reyner, his appellate attorney on his appeal. The exhibits included: an April 20, 2023 email to Edwards stating, "I have enclosed a copy of the requested wiretap suppression motion filed by your trial attorney"; a May 31, 2023, email in which Reyner confirmed that he had received Edwards's recent request to augment the record, and informed Edwards that he had

filed a motion with the Court of Appeal to take judicial notice of "records relating to the wiretap motions that were not produced with the clerk's transcript. But I withdrew that motion because I could not find a viable issue regarding the denial of the wiretap motion to raise in your appeal. I am not going to lose credibility with the court by refiling the same motion regarding an issue that I am not going to raise"; and a December 22 e-mail from Reyner to Edwards that stated, "I have conducted another review of the wiretap litigation in your case with an open mind, and I am still convinced that the wiretaps are not subject to a viable challenge." This last e-mail also set forth extensive legal principles and maintained that Edwards's trial attorney's motion to suppress the wiretap records was meritless, concluding, "I know we have been at odds on the issue of the wiretap, but these are my legal conclusions in this appeal."

The resentencing hearing was scheduled for June 12, 2024, before the Honorable Patricia Scanlon, and began on that date with Edwards represented by attorney Anthony Ashe, who had been appointed to represent him. Ashe stated that he had read the remittitur, and had discussed it with the prosecutor, and they were "in agreement" that if the prosecution dismissed the gang circumstances stricken by us, "it really [didn't] change a whole lot" with respect to Edwards's resentencing outcome. However, Ashe said, he still needed to speak with Edwards.

Judge Scanlon informed Ashe that Edwards had "filed his own memo about discovery" and instructed him to discuss that with Edwards. Judge Scanlon then set resentencing for August 5.

At the August 5 hearing, the prosecutor observed that although we had reversed the gang special circumstance that was attached to the murder conviction, the rest of the judgment was affirmed. Thus, the prosecutor

4

proposed a sentencing framework that would result in Edwards receiving the same total sentence as before. Ashe acknowledged that the prosecution had elected not to retry the special circumstances and submitted on the issue. However, he continued, "I should mention to the Court that my client is raising his hand." Judge Scanlon said she would give Ashe a minute to speak with Edwards, and tell her "what it is that he is raising his hand about if it is pertinent to this proceeding."

After speaking with Edwards, Ashe stated, "I have had an opportunity to speak to my client. We are requesting to continue the sentencing. My client is making a request of the Court to review the wiretap records in this case, and he cites California Rules of Court, rule 2.550 and Penal Code section 629.60 for that proposition, and so we would like a future date for sentencing as opposed to going forward today." Judge Scanlon indicated she did not understand what Edwards's request for a continuance had to do with "any potential wiretap." Ashe responded, "So a wiretap was used in this case, and the Court is allowed to review records in that wiretap case under the code sections that were cited to you just now." Judge Scanlon responded, "That issue is not before me, and I'm not going to consider it today. I am going to go ahead with the resentencing pursuant to the remittitur from the Court of Appeal."

As noted, the prosecutor elected not to retry the gang enhancements and special circumstances and they were dismissed. Judge Scanlon then again imposed life without parole on Count 1, with a 25 year-to-life enhancement pursuant to section 12022.53, subdivision (d); a 25 year-to-life sentence on Count 1, stayed pursuant to section 654, and two years on Count 3, stayed pursuant to section 654.

Edwards filed a notice of appeal.

## DISCUSSION

Edwards's first argument reads as follows: "The Court Erred When It Did Not Permit Appellant To Object To the Judgment Prior To Sentencing." (Capitalization Omitted.) And its introduction begins as follows: "A defendant has a right to allocution prior to be sentenced, at which time he may object that he has legal cause why judgment should not be entered against him. Appellant attempted to exercise that right below, but the court erroneously declined to hear him."

As to "allocution," Edwards's brief cites to boilerplate principles, with no case having any relevance to the issue here. But this is hardly surprising, in that allocution has "traditionally meant *the trial court's inquiry of a defendant* as to whether there is any reason why judgment should not be pronounced," although "[i]n recent years . . . the word 'allocution' has often been used for a *mitigating statement made by a defendant in response to the court's inquiry*," that is, "a personal statement asking for lesser punishment." (*People v. Evans* (2008) 44 Cal.4th 590, 593, fn. 2, 597.) In any event, "noncapital defendants do not have a right to allocute under section 1200. Any statement they wish to make in mitigation 'must be made under oath and be subject to cross-examination.' " (*People v. Tully* (2012) 54 Cal.4th 952, 1058, quoting *Evans*, at p. 598; see also 6 Witkin, Cal. Crim. Law (5th ed. 2025) § 152 ["lack of substantial compliance" with allocution statute "is not reversible error per se; the judgment will be upheld if no prejudice is shown"].)

Beyond allocution, the introduction in Edwards's brief ends with this: "The trial court erred in refusing to consider appellant's request. As discussed below, appellant has a statutory right to object to the judgment prior to being sentenced and to orally request a new trial. The court abused

6

its discretion in failing to allow appellant to do so." And Argument I, in Edwards's brief asserts that he was entitled to "object to the entry of judgment and orally present a motion for new trial." We disagree.

As noted, we reversed the gang-related enhancements and special circumstance and remanded to offer the prosecution the opportunity to retry them or for resentencing if it did not. As also noted, the prosecutor declined to retry those issues. Thus, our remand was for resentencing. No new trial could result.

*People v. Smyers* (1969) 2 Cal.App.3d 666 (*Smyers*) is persuasive. There, the Court of Appeal reversed for the limited purpose of rearraigning defendant. (*Id.* at pp. 668–669.) *Smyers* held that when a case is remanded to the superior court for a limited purpose, the court lacks jurisdiction to consider issues beyond the scope of the remand. (*Ibid.*) Indeed, in a holding directly applicable to Edwards's claim here the court said, " '[A] motion for new trial cannot be entertained or granted after judgment is entered.' [Citations.] The rule permitting the entertaining of a motion for a new trial where the judgment is thereafter vacated or set aside[], has no application where the appellate court affirms the conviction as such, and merely orders a limited reversal and remand." (*Ibid.*) As our Division One colleagues put it in *People v. Pineda* (1967) 253 Cal.App.2d 443, 450, on remand for a limited purpose, the superior court "had no power to receive, or to act upon" a motion for a new trial.

Here, since the prosecution declined to retry any of the stricken gang enhancements or the special circumstance on remand and the judgment was affirmed in all other respects, the superior court's authority was limited to resentencing Edwards.

As quoted above, at the resentencing hearing counsel for Edwards said "[w]e are requesting to continue the sentencing." While it is not clear from the briefing that Edwards is arguing error in the refusal to continue, the argument would fail for at least two reasons.

A continuance in a criminal case may be granted only for good cause. (§ 1050, subd. (e).) Whether good cause exists is a question for the trial court's discretion. (*People v. Jenkins* (2000) 22 Cal.4th 900, 1037; *People v. Alexander* (2010) 49 Cal.4th 846, 934 [a trial court has broad discretion to determine whether good cause exists to grant a continuance].) And we review such refusal for abuse of discretion. (*People v. Doolin* (2009) 45 Cal.4th 390, 450.) Edwards has shown no abuse.

But even if this was error, it would necessarily be harmless, given what was involved in Edwards's motion, review of the wiretap records. As noted, Edwards had been engaged with the issue since his appeal, and his appellate attorney had told Edwards any challenge was meritless, indeed after counsel did extensive legal research. In short, there is no showing he would have made a viable challenge.

**The Custody Credits Must Be Corrected**

Edwards also argues that Judge Scanlon erred by failing to award him actual credits. On this the Attorney General agrees. So do we.

The abstract of judgment and clerk's minutes filed following Edwards's original sentencing hearing on August 16, 2021, indicate that the trial court awarded him 1,076 actual custody credits. At the resentencing hearing on August 5, 2024, Judge Scanlon did not mention Edwards's updated actual custody credits. And the abstract of judgment filed after that hearing only repeated that on August 16, 2021, he was awarded 1,076 actual custody credits. But by the time of Edwards's resentencing hearing, he had been in

custody for an additional 1,085 days, and thus the resentencing court should have calculated actual custody credits to an updated total. The Attorney General represents that total is 2,161, a calculation with which Edwards agrees.

## DISPOSITION

The abstract of judgment is ordered corrected to reflect that Edwards is entitled to 2,161 days of custody credits. In all other respects the judgment is affirmed.

_____

RICHMAN, ACTING P. J.

We concur.

_____

MILLER, J.

_____

DESAUTELS, J.

(A171192N)