Filed 12/1/20  P. v. Trejo CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ALBERT TREJO,<br><br>        Defendant and Appellant. | A158925<br><br>(San Mateo County<br>Super. Ct. No. SC081258) |

This appeal arises from a resentencing hearing in the trial court following a remand from this court in appellant's prior appeal, directing the trial court to consider whether to exercise its new discretion, pursuant to amended Penal Code section 12022.53, subdivision (h),[1] to strike or dismiss the firearm enhancement it had imposed under subdivision (d) of that section.  (*People v. Trejo* (Dec. 12, 2018, A150790) [nonpub. opn.], review denied Feb. 27, 2019.)  In this appeal, appellant contends that, notwithstanding our limited remand in the prior appeal, newly enacted Senate Bill No. 1393 gave the trial court the power to exercise its discretion to strike or dismiss appellant's serious felony enhancement, previously imposed pursuant to section 667, subdivision (a), and the trial court should

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

have considered whether to exercise that discretion at the resentencing hearing. Appellant further contends that because the trial court failed to recalculate his total custody credits at the resentencing hearing, it should be directed on remand to amend the abstract of judgment to include the custody credits from the time of his arrest through the date of his resentencing. Respondent concurs in both contentions.

For the reasons discussed herein, we shall reverse and remand the matter for resentencing, to permit the court to exercise its discretion to strike or dismiss the serious felony enhancement. We will also direct the court to recalculate appellant's custody credits to include all days he has been in custody since the date of his arrest. We shall otherwise affirm the judgment.

## PROCEDURAL BACKGROUND

Appellant was originally charged by information with premeditated murder (§§ 187, subd. (a) & 189—count 1) and being an ex-felon in possession of a firearm (§ 29800, subd. (a)(1)—count 2). The information alleged, as to count 1, that appellant personally and intentionally discharged a firearm. (§ 12022.53, subd (d).) The information further alleged, as to count 2, that appellant had suffered seven prior convictions, including two serious felony convictions pursuant to 667, subdivision (a), and two strike convictions pursuant to section 1170.12, subd. (c)(2).

On June 11, 2015, following a jury trial, the jury convicted appellant of first degree murder, finding true the allegation that he had personally and intentionally discharged a firearm, and also convicted him of being an ex-felon in possession of a firearm. Following a court trial, the court struck one of the serious felony allegations and one of the strike allegations, but found the five remaining allegations true.

On January 13, 2017, the court sentenced appellant to a total of 80 years to life in state prison.

Appellant appealed the judgment, and on December 12, 2018, a panel of this Division reduced the first degree murder conviction to second degree murder and also remanded the matter to the trial court for resentencing, with directions to exercise its new discretion, pursuant to amended section 12022.53, subdivision (h), to determine whether to strike or dismiss the firearm enhancement imposed under subdivision (d) of that section. (*People v. Trejo*, *supra*, A150790.)

On February 27, 2019, the California Supreme Court denied appellant's petition for review (case No. S253665), and on March 25, 2019, the remittitur issued.

At the November 1, 2019 resentencing hearing, the trial court declined to strike the section 12022.53 firearm enhancement and resentenced appellant to 60 years to life in prison.

On November 12, 2019, appellant filed a notice of appeal.[2]

## DISCUSSION

### I. *Senate Bill No. 1393*

Appellant contends the trial court should have considered whether to exercise its discretion to strike or dismiss the five-year enhancement for appellant's prior serious felony conviction at the November 2019 resentencing hearing, in light of newly enacted Senate Bill No. 1393. Respondent agrees.

---

[2] Because the facts underlying appellant's convictions are not necessary to our resolution of the issues raised on appeal, we will not repeat them here. They are, however, set forth in our prior opinion. (See *People v. Trejo*, *supra*, A150790.)

### A. *Trial Court Background*

Appellant's original sentence included imposition of a five-year term under section 667, subdivision (a) for the prior serious felony conviction enhancement.

In this court's December 12, 2018 opinion in this case, we remanded the matter to the trial court with directions to resentence appellant after considering its new discretion under amended section 12022.53, subdivision (h), to strike or dismiss the firearm enhancement.

At the November 1, 2019 resentencing hearing on the firearm enhancement, after first arguing against the trial court exercising its new discretion to strike that enhancement, the prosecutor further argued that the court was not permitted to consider striking the serious felony enhancement because this court had limited the remand for resentencing to a determination of whether to dismiss or strike the firearm enhancement.

The trial court declined to strike the firearm enhancement, and resentenced appellant to 60 years to life in prison, which included a term of 15 years to life for second degree murder, doubled based on the prior strike; a consecutive term of 25 years to life for the firearm enhancement, and a term of 5 years for the serious felony enhancement. The court did not address the question of whether it should exercise its discretion to strike or dismiss the serious felony enhancement.

### B. *Legal Analysis*

"On September 30, 2018, the Governor signed Senate Bill No. 1393 which, effective January 1, 2019, amend[ed] sections 667(a) and 1385(b) to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1–2.)" (*People v. Garcia* (2018) 28 Cal.App.5th 961, 971.) Recently, in *People v.*

*Stamps* (2020) 9 Cal.5th 685, 693 (*Stamps*), our Supreme Court held that under *In re Estrada* (1965) 63 Cal.2d 740, 745, Senate Bill No. 1393 applies retroactively to any defendant whose judgment is not yet final, reasoning that "[e]liminating the prior restriction on the court's ability to strike a serious felony enhancement in furtherance of justice constitutes an ameliorative change within the meaning of *Estrada*." (*Stamps*, at p. 699, citing *People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 308–309.)

In the present case, appellant's judgment was not final on January 1, 2019, the effective date of Senate Bill No. 1393, and therefore, under *Stamps*, Senate Bill No. 1393 is applicable to him.

Before we again remand the matter to the trial court for resentencing, we will address whether—as appellant asserts—the trial court should have considered its new discretion to strike the serious felony enhancement in the first instance at the prior resentencing hearing, even though our remand only directed the court to consider its new discretion under section 12022.53, subdivision (h) to strike or dismiss the firearm enhancement. Ordinarily, " '[w]here a reviewing court reverses a judgment with directions . . . the trial court is bound by the directions given and has no authority to retry any other issue or to make any other findings. Its authority is limited wholly and solely to following the directions of the reviewing court.' [Citations.]" (*People v. Dutra* (2006) 145 Cal.App.4th 1359, 1367.)

In *People v. Hargis* (2019) 33 Cal.App.5th 199, 205 (*Hargis*), the Fifth District Court of Appeal addressed the scope of a trial court's jurisdiction on remand for resentencing following an appeal, where a change in the law became effective after issuance of the appellate court's opinion but before resentencing. The appellate court first found that the trial court *did* have the power on remand to consider the effect of the enactment of Proposition 57,

5

which had become effective before appellant's convictions were final. (*Hargis*, at p. 207.) The court explained: "We do not believe our limited remand constituted a straightjacket for the trial court such that it had no power to hear a motion on an issue that could not have been raised on defendant's prior appeal, and which concerned a change in the law that altered the court's authority to adjudicate defendant's case in criminal (adult) court in the first instance. [Citation.]" (*Id.* at pp. 207–208.) The court also found that "even if the trial court properly concluded it lacked jurisdiction to entertain the motion, the Proposition 57 issue has now been brought before us. The scope of our prior remand is no longer relevant to our analysis, as the law entitles defendant to a juvenile fitness/transfer hearing. [Citation.] We are bound by the law to afford him that hearing . . . ." (*Hargis*, at p. 208.)

Here, as in *Hargis*, our prior remand could not have included directions related to Senate Bill No. 1393, since the law giving a trial court discretion to strike or dismiss a serious felony enhancement had not yet been enacted. By the time of the resentencing hearing, however, the law had been changed to allow such discretion, applicable to all defendants whose cases were not yet final. (See *Stamps*, *supra*, 9 Cal.5th at p. 699.) Consequently, the trial court had the power to exercise its discretion to strike or dismiss the serious felony enhancement, despite our limited remand. (See *Hargis*, *supra*, 33 Cal.App.5th at pp. 207–208.) Moreover, regardless of whether the trial court had jurisdiction to address this issue on the earlier remand, it "has now been brought before us" and "[t]he scope of our prior remand is no longer relevant to our analysis . . . ." (*Id.* at p. 208.)

In conclusion, because the judgment in appellant's case was not yet final when Senate Bill No. 1393 took effect, and because the record does not clearly indicate that the trial court would have declined to strike or dismiss

the five-year serious felony enhancement even if it knew it had the discretion to do so (see *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1110), he is entitled to a remand for resentencing, to give him the opportunity to seek relief under Senate Bill No. 1393. (See *Stamps*, *supra*, 9 Cal.5th at p. 707; *People v. Garcia*, *supra*, 28 Cal.App.5th at p. 971.)

## II. *Recalculation of Appellant's Custody Credits*

Appellant contends that because the trial court failed to recalculate his total custody credits at the resentencing hearing, the abstract of judgment must be amended to include the days he spent in custody between his arrest and his resentencing. Respondent agrees.

At the November 1, 2019 resentencing hearing, the court did not recalculate the number of days appellant had spent in custody from the date of his arrest to the date of his resentencing, and did not include those custody credits in the amended abstract of judgment.

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid or which is modified during the term of imprisonment, such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1; see *People v. Buchalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all *actual* days he had spent in custody, whether in jail or prison, up to that time"].)

Appellant is plainly entitled to custody credits for all of the days he spent in custody between the date of his arrest and the date of his resentencing. Because we are remanding the case to the trial court for resentencing, we will also direct the court to recalculate the total number of

7

custody credits to which appellant is entitled, and to include those credits in an amended abstract of judgment.

## DISPOSITION

The matter is remanded for resentencing, with directions to the trial court to (1) consider whether to exercise its discretion to strike or dismiss appellant's five-year serious felony enhancement; (2) recalculate his custody credits, as set forth in this opinion; and (3) prepare an amended abstract of judgment reflecting the changes in appellant's sentence, if any, and the additional custody credits to which he is entitled, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

8

_____
Kline, P.J.

We concur:


_____
Richman, J.


_____
Stewart, J.


*People v. Trejo* (A158925)

9