Filed 9/14/21  P. v. Perez CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060134 |
| v. | (Super. Ct. No. 11NF2782) |
| CRISTIAN PEREZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A kidnapping for robbery conviction may be sustained "if the *movement* of the victim is beyond that merely incidental to the commission of, and increases the risk of harm to the victim over and above that necessarily present in, the intended underlying offense." (Pen. Code, § 209, subd. (b)(2), italics added.)

I

FACTS AND PROCEDURAL HISTORY

Defendant Cristian Perez participated in a home invasion robbery with accomplices. During the robbery, a victim was moved to a garage outside of the home, then he was moved back into the home, and then the victim was moved within the home. (*People v. Perez* et al. (Oct. 20, 2020, G056047) [nonpub. opn.] (*Perez I*).)

Following a jury trial, Perez was convicted of kidnapping for robbery, kidnapping, robbery, and burglary. The trial court imposed a life sentence (with the possibility of parole) for the kidnapping for robbery count, plus a determinate term of 10 years and eight months for the remaining offenses.

On appeal, this court found substantial evidence to support the movement or "asportation" element of the kidnapping for robbery conviction. However, we reversed the kidnapping conviction due to an instructional error. We remanded the case, allowing the prosecution to retry Perez for the kidnapping count. We also ordered the trial court to stay Perez's sentences for the robbery and burglary convictions, and to correct errors in the abstract of judgment. (*Perez I*, *supra*, G056047.)

On remand, the prosecution elected not to retry Perez for the kidnapping charge and dismissed it. The court imposed a new sentence (life with the possibility of parole with no determinate term) and corrected the abstract of judgment.

Perez filed a notice of appeal. We appointed appellate counsel, who filed a "*Wende* brief" identifying no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436.) Perez filed a supplemental brief.

## II

## DISCUSSION

Perez states: "Although no new issues could be found and brought to this Court's attention, I would like to humbly request that this court reconsider its assessment and review of appellants conviction [for kidnapping for robbery]." Perez cites several published opinions and argues—just as he did in *Perez I*—the asportation element of the kidnapping for robbery conviction is not supported by substantial evidence.

Perez is essentially asking for a "second bite at the apple" by asking this court to "reconsider" our holding in *Perez I*. But we cannot do that under California law.

After a "remittitur issues, 'the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court.'" (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204; *People v. Senior* (1995) 33 Cal.App.4th 531, 534-535 ["California law prohibits a direct attack upon a conviction in a second appeal after a limited remand for sentencing or other posttrial procedures"].)

Here, we remanded the case for a possible retrial on the reversed kidnapping count, but the prosecution elected not to retry Perez and dismissed that charge. We also directed the trial court to resentence Perez and to correct the abstract of judgment. Therefore, the only possible errors that may be raised by Perez in this second appeal are those related to sentencing or the abstract of judgment.

In short, we cannot "reconsider" our prior holding that substantial evidence supported the asportation element of the kidnapping for robbery conviction. (See *People v. Boyer* (2006) 38 Cal.4th 412, 441 ["the law-of-the-case doctrine 'prevents the parties from seeking appellate reconsideration of an already decided issue in the same case absent some significant change in circumstances'"].)

Having examined the entire record, we agree with Perez's appointed appellate counsel that there are no arguable issues on appeal.

## III

## DISPOSITION

The judgment is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, Division Seven, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.