Filed 7/23/21  P. v. McClenton CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOVAN MCCLENTON,<br><br>    Defendant and Appellant. | B304917<br><br>Los Angeles County<br>Super. Ct. No. BA104610 |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge. Affirmed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Attorney General, David E. Madeo and Yun K. Lee, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

When he was 17 years old, defendant and appellant Jovan McClenton was convicted of first-degree residential robbery, grand theft of vehicles, and numerous sex offenses. The trial court sentenced him to 196 years in state prison. The judgment became final in 1996.

In 2012, McClenton filed a petition for writ of habeas corpus in the trial court challenging the constitutionality of his sentence. In 2018, the court ruled McClenton was not eligible for a resentencing hearing, but that he was eligible for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).[1] The court set the matter for further proceedings.

In 2019, while the *Franklin* matter was still pending, McClenton filed a motion to have his case transferred to juvenile court under Proposition 57, "The Public Safety and Rehabilitation Act of 2016." The trial court rejected McClenton's motion, concluding he was not entitled to Proposition 57 relief because his case was final when the law took effect.

On appeal, McClenton argues he is entitled to a transfer hearing because his habeas corpus petition was not final when Proposition 57 took effect. We reject this contention. McClenton's judgment was final on direct appeal when Proposition 57 took effect. In the interim, McClenton has not been resentenced, and his entitlement to a youth offender parole hearing does not render his judgment nonfinal for retroactivity purposes. We

---

1     A *Franklin* hearing allows a juvenile offender the "opportunity to put on the record the kinds of information that [Penal Code] sections 3051 and 4801 deem relevant at a youth offender parole hearing." (See *Franklin, supra*, 63 Cal.4th at p. 284.)

therefore affirm the trial court's denial of his motion for a transfer hearing.

## BACKGROUND

In 1995, McClenton was tried in adult court and convicted of one count of first degree residential burglary (Pen. Code,[2] § 459); two counts of grand theft vehicle (former § 487h); three counts of first degree residential robbery (§ 211); seven counts of oral copulation while acting in concert (former § 288a, subd. (d)); four counts of forcible rape while acting in concert (§ 264.1); one count of forcible act of sexual penetration (§ 289, subd. (a)); one count of forcible rape (§ 261, subd. (a)(2)); and one count of forcible oral copulation (§ 288a, subd. (c)). Gun use allegations were also found true. The court sentenced McClenton to 196 years in state prison. He was 17 years old when he committed the offenses and when he was sentenced. In 1996, this court affirmed the judgment in case number B093292. On September 18, 1996, our Supreme Court denied review.

In 2012, McClenton filed a petition for writ of habeas corpus in the trial court challenging the constitutionality of his sentence under *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531, 159 L.Ed.2d 403], *Cunningham v. California* (2007) 549 U.S. 270 [127 S.Ct. 856, 166 L.Ed.2d 856], and *Graham v. Florida* (2010) 560 U.S. 48 [130 S.Ct. 2011, 176 L.Ed.2d 825]. The trial court issued an order to show cause. The prosecution filed a return, an amended return, and a second amended return. The prosecution acknowledged McClenton was a juvenile when he was convicted, and his 196-year sentence constituted a de facto

---

2    All undesignated statutory references are to the Penal Code.

life without the possibility of parole (LWOP) sentence. The prosecution argued, however, that the enactment of Senate Bill 260 rendered moot whether McClenton's sentence was unconstitutional, because he was eligible for a youth offender parole hearing on January 1, 2014. (See § 3051; *Franklin*, *supra*, 63 Cal.4th at pp. 268-269.) McClenton filed a denial to the second amended return.

In 2016, the trial court denied McClenton's petition, finding that under *Montgomery v. Louisiana* (2016) 577 U.S. 190 [136 S.Ct. 718, 193 L.Ed.2d 599] (*Montgomery*), the statutory scheme under section 3051 satisfied any constitutional concerns in regards to McClenton's sentence. McClenton filed a motion to reconsider and asked for permission for the parties to submit briefing on *Montgomery*. The court granted the motion and vacated the order denying the petition.

The prosecution filed a "concession letter" arguing McClenton's sentence was valid because he was entitled to a youth offender parole hearing under section 3051, but acknowledged a limited remand was warranted to provide McClenton an opportunity to present youth-related mitigating evidence in the trial court under *Franklin*. The prosecution noted the parties agreed defense counsel would begin investigating McClenton's background to gather youth-related mitigation evidence, but disagreed on whether McClenton was entitled to a new sentencing hearing. The court ordered defense counsel to begin gathering *Franklin* evidence related to McClenton's youth.

On January 29, 2018, McClenton filed a supplemental brief arguing he was entitled to a resentencing hearing. The trial court ordered the prosecution to clarify its position on resentencing. The prosecution filed a letter brief maintaining its position that

McClenton was not entitled to a new sentencing hearing, only a *Franklin* hearing. McClenton filed a second supplemental brief. On September 6, 2018, the court ruled McClenton was not eligible for a resentencing hearing, but was eligible for a *Franklin* hearing. The court set the matter for further proceedings.

On November 6, 2018, McClenton filed a petition for writ of habeas corpus in this court in case number B293648. On November 15, 2018, this court denied the petition as moot under section 3051. On November 28, 2018, McClenton filed a petition for review in the California Supreme Court in case number S252751. The Supreme Court denied the petition on January 30, 2019.

On March 26, 2019, while the *Franklin* matter was still pending, McClenton filed a motion to transfer the case to juvenile court under Proposition 57. He argued that his judgment was not final when Proposition 57 took effect because the California Supreme Court had denied the petition for review (from the denial of his resentencing habeas petition) on January 30, 2019, and he had 90 days to file a petition for writ of certiorari in the United States Supreme Court. The prosecution filed an opposition arguing McClenton's judgment was final because his request for resentencing had been denied. McClenton filed a reply arguing his judgment was not final because his October 2, 2012 habeas petition was still pending when Proposition 57 took effect in 2016.[3]

On December 20, 2019, the trial court denied McClenton's motion to transfer the case to juvenile court. In issuing its ruling,

3      On April 30, 2019, McClenton filed a petition for writ of certiorari in the United States Supreme Court in case number 18-9123. The Supreme Court denied the petition on June 27, 2019.

5

the court explained that the mere pendency of McClenton's habeas corpus petition did not render his judgment nonfinal for purposes of retroactive Proposition 57 relief.

McClenton timely appealed.

## DISCUSSION

## McClenton is not entitled to Proposition 57 relief because his judgment was final when that law took effect

The trial court concluded McClenton was not entitled to Proposition 57 relief because his judgment was final when that law took effect. McClenton's sole argument on appeal is the trial court erred because his pending habeas corpus petition rendered his case nonfinal for purposes of Proposition 57 retroactivity. For the reasons discussed below, we reject this contention.

### A. Proposition 57

In November 2016, the electorate passed Proposition 57. Among other things, "Proposition 57 prohibits prosecutors from charging juveniles with crimes directly in adult court." (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303 (*Lara*).) "Instead, they must commence the action in juvenile court. If the prosecution wishes to try the juvenile as an adult, the juvenile court must conduct . . . a 'transfer hearing' to determine whether the matter should remain in juvenile court or be transferred to adult court. Only if the juvenile court transfers the matter to adult court can the juvenile be tried and sentenced as an adult. [Citation.]" (*Ibid.*, fn. omitted.) The California Supreme Court has

6

held Proposition 57 applies retroactively to cases not yet final at the time it was enacted. (*Lara, supra,* at pp. 303-304.) Conversely, Proposition 57 does not apply to cases that were final at the time it was enacted. (*People v. Lizarraga* (2020) 56 Cal.App.5th 201, 207-208.)

### B. Analysis

As mentioned above, McClenton was convicted and sentenced in 1996. This court affirmed the judgment that same year. Our Supreme Court denied review on September 18, 1996. McClenton's case became final 90 days later, on December 17, 1996, when the time for filing a petition for certiorari in the United States Supreme Court expired. (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired. [Citation.]"]; U.S. Supreme Ct. Rules, rule 13(1) [petition for writ of certiorari is timely if filed with the clerk of the United States Supreme Court within 90 days after entry of judgment of a state court of last resort].) It follows that McClenton's case was final when Proposition 57 took effect in 2016. We reject McClenton's assertion that his case was not final when Proposition 57 took effect because his habeas corpus petition was pending in the trial court.

*People v. Hargis* (2019) 33 Cal.App.5th 199 (*Hargis*), *People v. Padilla* (2020) 50 Cal.App.5th 244, review granted Aug. 26, 2020, S263375 (*Padilla*), and *People v. Lopez* (2020) 56 Cal.App.5th 835, review granted Jan. 27, 2021, S265936 (*Lopez*) are of no assistance to McClenton. Unlike McClenton's case, the

judgments in *Hargis*, *Padilla*, and *Lopez* were not final for purposes of Proposition 57 retroactivity. (See *Hargis*, *supra*, 33 Cal.App.5th at pp. 202-205 [case was not final for retroactivity purposes because Proposition 57 took effect merely one week after judgment was affirmed on direct appeal]; *Padilla*, *supra*, 50 Cal.App.5th at pp. 246-247, 253-256 [granting Padilla retroactive Proposition 57 relief, concluding his judgment was no longer final because his original sentence was vacated through writ of habeas corpus]; *Lopez*, *supra*, 56 Cal.App.5th at pp. 839, 845 [case was rendered nonfinal for purposes of retroactive Proposition 57 relief because trial court recalled defendant's sentence and resentenced him under section 1170, subdivision (d)(1)].) Although it is true that if the trial court had ordered resentencing proceedings for McClenton, this would have reopened finality for purposes of Proposition 57 retroactivity (see, e.g., *Padilla*, *supra*, at p. 247; *Lopez*, *supra*, at pp. 839, 845), the court explicitly declined to do so.[4] As a result, McClenton's judgment remained final.

We are likewise not persuaded by McClenton's argument that he is entitled to relief under *People v. Garcia* (2018) 30 Cal.App.5th 316 (*Garcia*). The Attorney General in *Garcia* conceded the judgment was not final when Proposition 57 took effect. (*Id.* at p. 324.) Because the parties agreed the judgment was not final, the issue of finality was not fully analyzed in *Garcia*. It is clear, however, that Garcia's appeal arose after he

---

4 The court's decision to decline McClenton's request for a resentencing hearing was not an abuse of discretion. (See *Franklin*, *supra*, 63 Cal.4th at p. 268 [concluding the enactment of Penal Code sections 3051 and 4801 mooted constitutional claim that the Eighth Amendment prohibited the imposition of LWOP or de facto LWOP sentences on juvenile offenders].)

was resentenced in the trial court through habeas corpus proceedings. (*Id.* at pp. 319-322.) At the resentencing hearing, the trial court vacated Garcia's original sentence of 94 years to life and resentenced him to a term of 50 years to life. (*Id.* at pp. 321-322.) This resentencing hearing rendered his judgment nonfinal for retroactivity purposes. (See *Padilla, supra,* 50 Cal.App.5th at pp. 246-247; see also *People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 ["In a criminal case, judgment is rendered when the trial court orally pronounces sentence. [Citations.]"].) The circumstances in *Garcia* are different from what happened to McClenton, who was denied a resentencing hearing in the trial court, and whose judgment has remained final since 1996. We therefore reject McClenton's argument that he is entitled to retroactive Proposition 57 relief under *Garcia.*[5]

---

[5] McClenton's attorney cites extensively to an unpublished opinion, *In re Moore* (June 19, 2020, B299307) (*Moore*), in support of his contention that McClenton is entitled to retroactive Proposition 57 relief. McClenton's attorney ignores the rule that both he and this court are prohibited from citing or relying on *Moore* because it is unpublished and none of the exceptions to the rule prohibiting citation to unpublished opinions applies here. (See California Rules of Court, rule 8.1115, subds. (a) and (b).)

## DISPOSITION

The order denying McClenton's motion to transfer his case to juvenile court is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, J.

We concur:

WILLHITE, Acting P.J.

COLLINS, J.