Filed 1/19/24  P. v. Sydnor CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096333 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F03945) |
| v. | |
| ANTJUAN SYDNOR, | |
| Defendant and Appellant. | |

In a prior opinion, we affirmed the murder conviction of defendant Antjuan Sydnor but remanded for the trial court to consider its discretion to strike a firearm enhancement under then recently enacted Senate Bill No. 620 (2017-2018 Reg. Sess.). On remand, the trial court declined to strike the enhancement.

Defendant appeals, contending the trial court misinterpreted and misapplied Penal Code section 1385 and erred in not considering other interim sentencing changes under Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 518 (2021-2022 Reg. Sess.).  (Undesignated statutory references are to the Penal Code.)

1

We conclude the trial court acted within its discretion in declining to strike defendant's firearm enhancement but abused its discretion by failing to consider other interim changes in the sentencing law. The sentence is vacated, and the matter remanded for resentencing. The judgment is otherwise affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and a codefendant entered the home of "Byron D., bound Byron and his girlfriend, and forced them to the floor. [Defendant and the codefendant] then beat Byron while repeatedly asking him for money. Byron was shot in the head and killed when he did not give them money." (*People v. Sydnor* (May 27, 2021, C085040, C085760) [nonpub. opn.] (*Sydnor*).) A jury found defendant guilty of first degree murder with a robbery special circumstance, robbery, and the enhancement of personally discharging a firearm causing death for both counts (§ 12022.53, subd. (d)). The trial court sentenced defendant to life without parole for the murder conviction plus 25 years to life for the firearm enhancement. The court also sentenced defendant to the upper term of six years for robbery but stayed that sentence, along with its firearm enhancement.

Defendant appealed, and we affirmed his convictions but remanded for the trial court to consider its discretion to strike defendant's firearm enhancement. (*Sydnor*, *supra*, C085040.)

In April 2022, the trial court held a hearing and noted this court "affirmed the conviction but remanded to this Court solely to exercise the Court's discretion under the intervening legislation, [Senate Bill No.] 620, from 2017 that now gives the Court the discretion to strike the enhancement for personal discharge of a firearm causing death . . . . There is not a full resentencing."

At the hearing, the trial court pointed out to the People that "one of the strongest arguments" by the defense was "if there's already a sentence of life without the possibility of parole, what does the additional 25-years-to-life add, other than it looks like a sentence that would be imposed in Mississippi. For practical purposes, the Court has

2

sentenced [defendant] to spend the rest of his life in prison." The People responded, "there is really no reason that the Court can cite to" in section 1385 "to allow something to be stricken in this case." The trial court then asked defense counsel if there were any mitigating circumstances, adding "this was a fairly cold-blooded killing. The victim was bound, tied in his own home[,] and then shot execution style. [Defendant] was on federal parole at the time." Defense counsel responded: "All I can do is just submit the matter, your Honor."

The trial court declined to exercise its discretion, explaining it had "two reasons under what I'm calling the old traditional interest of justice analysis. Looking at the circumstances of the crime, the fact that [defendant] was on federal parole at the time and conduct in prison, there are no mitigating circumstances that would argue it's in the interest of justice to strike the enhancement. [¶] Under a more specific analysis of the Legislature's amendment to [section] 1385[, subdivision ](c), I don't think this results in a sentence that exceeds 20 years. Obviously it's life without, but I think the Legislature there was talking about determinant sentencing; otherwise, the enhancement under 12022.53[, subdivision ](d) could not be applied. But assuming for the sake of argument that 20-year sentence is a mitigating factor, the Court would still find that dismissal could endanger public safety given the nature of the circumstances of this offense. I'm going to not exercise my discretion to resentence, and I'm not modifying the sentence at all from the remitt[itu]r."

Defendant timely appeals.

DISCUSSION

Defendant contends the trial court violated three different statutes: (1) section 1385, (2) Senate Bill No. 567's changes to section 1170; and (3) Assembly Bill No. 518's changes to section 654. We review the trial court's sentencing decisions for an abuse of discretion (*People v. Sandoval* (2007) 41 Cal.4th 825, 847), but review alleged errors of law de novo (*People v. Tran* (2013) 215 Cal.App.4th 1207, 1217-1218).

3

# I

## *The Firearm Enhancement*

Senate Bill No. 620 amended sections 12022.53 and 12022.5 to permit trial courts to strike these firearm enhancements in the interests of justice pursuant to section 1385. (§§ 12022.5, subd. (c), 12022.53, subd. (h).) Section 1385 subdivision (c)(1) states in relevant part, "[n]otwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so." Subdivision (c)(2) provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." One mitigating circumstance listed in section 1385, subdivision (c)(2) is if "[t]he application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(C).)

First, defendant argues reversal is required under section 1385 because "the trial court misunderstood the scope of its discretion to strike or stay an enhancement under section 1385, subdivision (c) when it found that it did not apply enhancements imposed upon indeterminate sentences." We disagree.

Defendant's argument rests on a misinterpretation of the plain language of the statute. The mitigating circumstance he relies on states the "application *of an enhancement* could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).) Here, the sentence could and likely will be a term of over 20 years, but independent from the application of the enhancement. Defendant is subject to a life without parole sentence for the murder conviction regardless of whether the enhancement is imposed.

4

Second, defendant argues that "[i]f the court had determined to strike appellant's enhancement in total, appellant would still be incarcerated for the remainder of his life. There is therefore no conceivable way that striking or reducing the enhancement would endanger public safety." But whether striking the enhancement would endanger public safety is a consideration under subdivision (c)(2) that applies only if there is "[p]roof of the presence of one or more of these [mitigating] circumstances." (§ 1385, subd. (c)(2).) Since no mitigating circumstances are applicable, subdivision (c)(1)'s "furtherance of justice" analysis governed the trial court's discretion.

The furtherance of justice analysis is one often applied to discretionary sentencing decisions. " '[G]enerally applicable sentencing principles' relevant to a court's determination of whether dismissal is in furtherance of justice 'relat[e] to matters such as the defendant's background, character, and prospects.' [Citation.] Those principles require consideration of circumstances in mitigation (and aggravation) in the broader context of the recognized objectives of sentencing, which are not limited to public safety." (*People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1097.) In declining to strike the enhancement, the trial court found that defendant "was on federal parole at the time," and there were "no mitigating circumstances that would argue it's in the interest of justice to strike the enhancement." Defendant does not argue this reflects an abuse of discretion under the furtherance of justice analysis, nor can we make such a conclusion. We therefore conclude the trial court acted within its discretion in declining to strike defendant's firearm enhancement.

## II

### *Other Sentencing Changes*

Defendant contends the trial court erred in failing to apply Senate Bill No. 567 and Assembly Bill No. 518, both of which went into effect before the resentencing hearing on remand. Because defendant's trial counsel did not request consideration of these sentencing changes in the trial court, the claims were forfeited. We nevertheless exercise

our discretion to reach the merits of these claims to eliminate the need to address defendant's alternative ineffective assistance of counsel claim. (*People v. Crittenden* (1994) 9 Cal.4th 83, 146; *In re Victor L.* (2010) 182 Cal.App.4th 902, 928.) We agree with defendant that remand is appropriate.

A.     *Senate Bill No. 567 and Assembly Bill No. 518*

At the time of defendant's original sentencing, trial courts had discretion under section 1170 to select the appropriate term if a statute prescribed a sentencing triad. (§ 1170, former subd. (b).) Pursuant to Senate Bill No. 567, effective January 1, 2022, section 1170, subdivision (b)(1) now provides that "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)." (§ 1170, subd. (b)(1); Stats. 2021, ch. 731, § 1.3.) The referenced exception provides a term exceeding the middle term may be imposed "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term[,] and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Assembly Bill No. 518, also effective January 1, 2022, modified section 654 to give trial courts discretion to choose the count on which they would stay execution of sentence. (§ 654, subd. (a); Stats. 2021, ch. 441, § 1.) "Thus, under newly amended section 654, a trial court is no longer required to punish under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. [Citation.] Section 654 'now provides the trial court with discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' [Citation.]" (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.)

Although our remittitur directed the trial court to consider whether to exercise its discretion to strike defendant's firearm enhancement under Senate Bill No. 620, the trial court is not precluded from considering an intervening change of law after the issuance of the remittitur that "was not, and could not have been, addressed in our remand order, and so it was not within the scope of the remittitur." (*People v. Hargis* (2019) 33 Cal.App.5th 199, 207.)  Thus, Senate Bill No. 567 and Assembly Bill No. 518, both of which became effective after we issued our opinion, were applicable at resentencing.  But the trial court held the resentencing hearing "solely to exercise" its discretion under Senate Bill No. 620.  This was an abuse of discretion.  (*In re White* (2020) 9 Cal.5th 455, 470.)

When a trial court is unaware of the scope of its discretion, remand for resentencing is required "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  Our record contains no such clear indication.  Instead, the trial court expressed concerns over the length of defendant's sentence.  Remand is therefore appropriate for the trial court to exercise its discretion under Senate Bill No. 567 and Assembly Bill No. 518.

We reject the People's contention that defendant's "conduct was simply too egregious for the trial court to even remotely entertain staying the most serious conviction of murder in favor of imposing such minimal punishment for robbery." "When the applicable law governing the defendant's sentence has substantively changed after sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing.  Mere reliance on the length of the original sentence and attendant decisions, such as imposing consecutive sentences, imposing middle or upper term sentences, or declining to strike enhancements, is not sufficient to provide a clear indication of what a sentencing court might do on remand if it had been fully aware of the scope of its discretionary powers." (*People v. Salazar* (2023) 15 Cal.5th 416, 431.)

Having concluded remand is appropriate, we need not consider the People's contention that the trial court properly relied on the aggravating factors in the probation report in selecting the upper term on the robbery count.

DISPOSITION

The sentence is vacated, and the matter is remanded for the trial court to consider exercising its discretion under Senate Bill No. 567 and Assembly Bill No. 518.  The trial court should also consider any additional, applicable changes to sentencing laws.  The judgment is otherwise affirmed.

/s/<br>MESIWALA, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
DUARTE, J.