Filed 12/3/25  P. v. Fernandez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MATTHEW ARCADO FERNANDEZ,<br><br>    Defendant and Appellant. | B338350<br><br>(Los Angeles County<br>Super. Ct. No. TA123646) |

APPEAL from an order of the Superior Court of Los Angeles County, John Lonergan, Judge.  Remanded with direction.

Christina Vanarelli, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Chelsea Zaragoza, Deputy Attorneys General, for Plaintiff and Respondent.

Matthew Fernandez was convicted in adult court of a murder committed when he was a juvenile. Years later, he petitioned for a transfer hearing under Proposition 57, which eliminated direct filing of cases involving juveniles in adult criminal court and applies retroactively to judgments that were not final on the date it became effective. The trial court denied Fernandez's petition, finding that his judgment was final when Proposition 57 became effective. Fernandez appeals, contending that his judgment was not final when Proposition 57 became effective. We agree, and we therefore reverse the order denying the petition and remand the case.

## BACKGROUND

In June 2012, when Fernandez was 17 years old, he committed murder. In 2013, a jury convicted Fernandez of first degree murder (Pen. Code,[1] § 187, subd. (a)), and the jury found true personal gun use and gang allegations (§§ 12022.53, subd. (d), 186.22, subd. (b)(1)(C)). A court sentenced Fernandez to 50 years to life.

In 2015, a different panel of this division reversed the judgment and remanded the case for reconsideration of Fernandez's sentence under the Eighth Amendment. (*People v. Fernandez* (Mar. 18, 2015, B254191) [nonpub. opn.].)[2] The People

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    We grant Fernandez's request for judicial notice of *People v. Fernandez, supra,* B254191. (Evid. Code, § 452, subd. (a).) We also grant the Attorney General's request for judicial notice of the

2

and Fernandez petitioned for review in the Supreme Court, the Supreme Court granted Fernandez's petition, and it thereafter transferred the case to this division in 2016 with the direction to vacate the decision and reconsider it in light of *People v. Franklin* (2016) 63 Cal.4th 261.[3]

On October 25, 2016, this division filed a new opinion affirming Fernandez's judgment of conviction but remanding the case for a *Franklin* hearing. The remittitur issued on December 30, 2016.

In June 2023, Fernandez filed the at-issue petition for writ of habeas corpus asking the trial court to remand the case for a transfer hearing under Proposition 57. On May 31, 2024, the trial court denied the petition based on its finding that the judgment became final in 2015, before Proposition 57 became effective on November 9, 2016.

## DISCUSSION

Fernandez contends on appeal that the trial court erred in finding that his judgment was final in 2015 and denying his request for a transfer hearing. The Attorney General concedes that remand is necessary for a transfer hearing. We agree.[4]

---

record in that direct appeal. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] *People v. Franklin*, *supra*, 63 Cal.4th 261 held that a juvenile is entitled to a hearing, now referred to as a *Franklin* hearing, to gather evidence that might be relevant to a youth offender parole hearing under section 3051.

[4] Fernandez raised the transfer issue below in a petition for writ of habeas corpus. However, an order denying a petition for

3

When 17-year-old Fernandez committed his offenses in 2012, prosecutors were permitted, and sometimes required, to file charges against a juvenile directly in adult criminal court. (*People v. Superior Court (Lara)* (2018) 4 Cal.5th 299, 305.) Thereafter, Proposition 57 became effective on November 9, 2016. (*Id.* at p. 303.) Proposition 57 eliminated a prosecutor's ability to directly file a case against a juvenile in adult court. (*Id.* at p. 305.) Instead, juvenile courts are now required to conduct a transfer hearing to determine whether the matter should remain in juvenile court or be transferred to adult court. (*Id.* at p. 303.) To make this determination, the juvenile court must consider various factors, including " 'the minor's maturity, degree of criminal sophistication, prior delinquent history, and whether the minor can be rehabilitated.' " (*Id.* at p. 305.)

Proposition 57 applies retroactively to nonfinal judgments. (*People v. Lara*, *supra*, 4 Cal.5th at pp. 303–304.) Nonfinal judgments for the purposes of applying Proposition 57 retroactively include sentences that have been vacated or recalled. (*People v. Padilla* (2022) 13 Cal.5th 152, 158, 161, 170.)

Here, Fernandez's judgment was not final before Proposition 57 became effective on November 9, 2016. That is, his judgment was reversed on direct appeal in 2015. The California Supreme Court then granted Fernandez's petition for review and, in 2016, directed this division to reconsider the matter in light of *People v. Franklin*, *supra*, 63 Cal.4th 261. On

---

writ of habeas corpus is not appealable. (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 986.) We nonetheless exercise our discretion in the interest of judicial economy and deem the appeal to be a petition for writ of habeas corpus filed in this court. (See, e.g., *ibid.*; *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.)

4

October 25, 2016, this division filed the opinion remanding the case to the trial court for a *Franklin* hearing. The decision became final 30 days after it was filed. (Cal. Rules of Court, rule 8.366(b)(1).) Once the decision became final in this court, Fernandez had 10 days to petition for review in the California Supreme Court. (Cal. Rules of Court, rule 8.500(e)(1).) And if no petition for review was filed, then the California Supreme Court could have granted review on its own motion within 30 days after the decision became final in the Court of Appeal. (Cal. Rules of Court, rule 8.512(c)(1).) All of these dates were after November 9, 2016. Therefore, Fernandez's judgment was not final on the date Proposition 57 became effective, and he was entitled to a transfer hearing. (See, e.g., *People v. Hargis* (2019) 33 Cal.App.5th 199, 202, 204–205 [where opinion remanding for a *Franklin* hearing was filed on Oct. 31, 2016, juvenile's case was not final for purposes of Prop. 57].)[5]

---

[5] Because we hold that remand is required, we need not address Fernandez's alternative contention that his counsel below provided ineffective assistance by failing to request a transfer hearing when Proposition 57 became effective.

## DISPOSITION

The order is reversed and the matter is remanded with the direction to the trial court to conduct a transfer hearing under Welfare and Institutions Code section 707.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



HANASONO, J.

6