Filed 9/24/24  P. v. Stuart CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C100265 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20200008121) |
| v. | |
| ANTHONY DEMONE STUART, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Anthony Demone Stuart has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Stuart has filed a supplemental brief, which we discuss in more detail below.  We will direct the trial court to prepare an amended abstract of judgment reflecting Stuart's resentencing.  Finding no

1

other arguable error that would result in a disposition more favorable to Stuart, we will affirm the judgment.

BACKGROUND

A jury found Stuart guilty of second degree murder and possessing a firearm having been convicted of a felony. The jury also found true allegations that, in committing the murder, Stuart had used a firearm (Pen. Code, § 12022.5, subd. (a))[1] and had personally and intentionally discharged a firearm and proximately caused great bodily injury or death (§ 12022.53, subd. (d)). The trial court then found true allegations that Stuart had previously been convicted of a serious felony.

At sentencing, the trial court declined to strike Stuart's prior serious felony conviction and declined to strike the section 12022.53, subdivision (d) firearm enhancement. Accordingly, the court sentenced Stuart to: 15 years to life in prison for murder, doubled due to the prior serious felony conviction; a consecutive term of 25 years to life in prison for the section 12022.53, subdivision (d) firearm enhancement; four years in prison for the section 12022.5 enhancement, with execution stayed; and eight months in prison for possessing a firearm having been convicted of a felony, doubled due to the prior serious felony conviction, for an aggregate sentence of 56 years four months to life in prison.

Stuart appealed and this court affirmed his convictions but vacated his sentence and remanded for resentencing so that the trial court could exercise its discretion to strike the section 12022.53, subdivision (d) firearm enhancement with awareness that the law now permitted the court to impose a lesser, uncharged section 12022.53 enhancement in its stead. (*People v. Stuart* (Mar. 8, 2023, C094818) [nonpub. opn.]; see *People v. Tirado* (2022) 12 Cal.5th 688, 696-702.)

---

[1] Undesignated statutory references are to the Penal Code.

On remand, the trial court granted Stuart's motion to represent himself at the resentencing hearing. Stuart moved the court to dismiss the charges against him based on judicial misconduct and violation of his right to a speedy trial under section 1382. The court denied Stuart's motion "because [Stuart's] conviction ha[d] been upheld by the Third District [Court] of Appeal." Stuart also filed a resentencing brief asking the court to dismiss the section 12022.53, subdivision (d) firearm enhancement. The trial court again refused to dismiss the enhancement and imposed the same sentence of 56 years four months to life in prison. Stuart timely appealed.

## DISCUSSION

Stuart's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised Stuart of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Stuart filed a brief that, construed broadly, argues that the trial court: (1) violated his due process rights at the resentencing hearing by denying two motions as untimely, and (2) failed to consider his arguments in mitigation. Stuart's claims lack merit.

First, the court explained that it could not address Stuart's motion to dismiss the charges against him based on judicial misconduct and violation of the right to a speedy trial "because [Stuart's] conviction ha[d] been upheld by the Third District [Court] of Appeal." The court correctly stated the law. When a judgment is reversed only as to the penalty and the convictions are affirmed, "only errors relating to the penalty phase . . . may be considered in [a] subsequent appeal." (*People v. Deere* (1991) 53 Cal.3d 705, 713; accord, *People v. Hargis* (2019) 33 Cal.App.5th 199, 205; *People v. Murphy* (2001) 88 Cal.App.4th 392, 396-397; *People v. Senior* (1995) 33 Cal.App.4th 531, 535; *People v. Webb* (1986) 186 Cal.App.3d 401, 410.) The court could not consider errors from the trial on remand, so it properly denied Stuart's motion.

3

Next, the record belies Stuart's contention that the trial court failed to consider his arguments in mitigation in exercising its discretion as to imposing a lesser firearm enhancement. In fact, the trial court agreed with Stuart that he was entitled to the application of current law, heard Stuart's arguments, and found true numerous factors in aggravation that justified its decision not to strike or dismiss the firearm enhancement, including that Stuart "has engaged in violent conduct that indicates a serious danger to society." Accordingly, we reject Stuart's contention that the court failed to consider his arguments.

In our review of the record, we note that the trial court appears not to have prepared an amended abstract of judgment that memorializes the resentencing hearing. This is improper. On remand, the court should prepare an amended abstract of judgment indicating that it resentenced Stuart, as required by the abstract of judgment forms. (See, e.g., Judicial Council Forms, form CR-292, §§ 14, 15.) The court should also credit Stuart for time he served in custody from the first sentencing hearing until the resentencing hearing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37; see §§ 2900.1, 2900.5; see generally Couzens et al., Sentencing California Crimes (The Rutter Group 2023) §§ 15:15, 15:20, 15:24, 26:6.)

We see no other arguable error that would result in a disposition more favorable to Stuart.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that indicates it resentenced Stuart and includes an updated calculation of credit for time served and to forward a certified copy to the Department of Corrections and Rehabilitation.


                                             /s/
                                   BOULWARE EURIE, J.


We concur:


     /s/
EARL, P. J.


     /s/
WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.