Filed 1/23/25  P. v. Trujillo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ANDRES PINEDA TRUJILLO,<br><br>    Defendant and Appellant. | F087464<br><br>(Super. Ct. No. BF120858B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County. David E. Wolf, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Jose Andres Pineda Trujillo appeals following his sentencing on a second degree murder conviction imposed on remand pursuant to disposition instructions from this court after appellant prevailed on a prior writ of habeas corpus. Appellant contends the trial court failed to fully follow this court's instructions on remand because it resentenced appellant without conducting an evidentiary hearing under Penal Code[1] section 1172.6 and thereby failed to sentence appellant under existing ameliorative changes in the law. We find no error and affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Appellant's case returns to this court after a unique procedural trail. In a prior opinion, this court resolved both a petition for writ of habeas corpus and an appeal following the denial of a resentencing petition under section 1172.6. Appellant's writ petition successfully demonstrated his then-existing convictions for first degree murder and attempted murder could not be sustained under two postconviction changes in the law as embodied in *People v. Chiu* (2014) 59 Cal.4th 155 and *People v. Canizales* (2019) 7 Cal.5th 591. These errors resulted in this court vacating appellant's convictions but providing the People an opportunity to elect whether to retry appellant under a currently valid theory of liability and a prior binding determination in appellant's trial that he was not the actual killer and did not act with an intent to kill in the underlying crimes. If the People chose not to retry appellant, and in line with appellant's arguments and the relevant case law in the appeal, this court ordered that his conviction be modified to second degree murder and he be resentenced accordingly.

In the appeal related to appellant's request for resentencing on his first degree murder and attempted murder convictions pursuant to section 1172.6, this court dismissed the appeal as moot. We noted that appellant no longer stood convicted of the crimes for which he requested resentencing and, therefore, no relief could be granted. Importantly,

---

[1] Undesignated statutory references are to the Penal Code.

2.

all parties and this court acknowledged that appellant would not be barred from filing a new petition for resentencing upon the imposition of a sentence for whichever new conviction might be obtained upon remand. (See *People v. Trujillo* (June 7, 2023, F081571) [nonpub. opn.].)

The hearing on remand occurred on January 12, 2024. Appellant's counsel opened that hearing by stating she would "be submitting on the probation report. This is a case where there was an appeal, it was a remittitur in this case where … the Court found that the [first] degree murder was invalid. This is just a resentencing on [second] degree." The court asked counsel specifically if the hearing should consider a resentencing "at the same time or do you just want to do this?" In response, counsel cited directly to this court's opinion and stated they were there "just to enter the judgment on the [second] degree [murder conviction]." The court then concluded by noting, "I just didn't know if that's something you want to do today? But why don't we just do the resentencing. And then if … he wants to do something in the future, you can do that."

Following this discussion, the trial court proceeded to sentence appellant as if he had been convicted of second degree murder while also taking into account those remaining convictions that were not affected by the prior writ proceedings. This resulted in a sentence of 15 years to life on the second degree murder conviction, plus six years eight months for the additional nonstayed charges, to be served consecutively. Appellant received 5,993 days of credit for time served. Although the petition is not contained in the record, the minute orders following remand show that appellant filed and the court received a petition for resentencing under section 1172.6 on November 17, 2023.

This appeal timely followed.

## DISCUSSION

At the outset of this case, it is important to note what is and is not being argued. Appellant requests this court remand for further proceedings, claiming an evidentiary hearing under section 1172.6 should have been held and implying that the trial court

3.

would have concluded appellant was eligible for relief from any second degree murder conviction because of this court's determination he did not have the requisite intent to kill required under the law as it now stands. Appellant does not contend, however, that the trial court could not enter the conviction for second degree murder despite this court's specific instructions on remand or that there was any sentencing error if the trial court were properly sentencing appellant for a second degree murder conviction. Further, although implying substantial evidence does not support the conviction under current law, appellant does not directly appeal his conviction for second degree murder as improper. As such, we focus only on whether the trial court erred by not considering section 1172.6 when imposing the sentence in this case.

*Standard of Review and Applicable Law*

Once a remittitur issues, " 'the trial court is revested with jurisdiction of the case, but only to carry out the judgment as ordered by the appellate court.' [Citation.] Stated another way, '[u]pon issuance of the remittitur, the trial court's jurisdiction with regard to the "remitted action" is limited solely to the making of orders necessary to carry the judgment into effect. [Citations.]' [Citations.] '[T]he terms of the remittitur define the trial court's jurisdiction to act. "The order of the appellate court as stated in the remittitur, 'is decisive of the character of the judgment to which the appellant is entitled.' " ' " (*People v. Hargis* (2019) 33 Cal.App.5th 199, 204, first and fourth bracketed insertions added.)

"Whether the trial court correctly interpreted our opinion is an issue of law subject to de novo review." (*Ayyad v. Sprint Spectrum, L.P.* (2012) 210 Cal.App.4th 851, 859.) The trial court's interpretation of the remittitur is not binding on this court. Rather, "[w]e look to the wording of our directions to determine whether the trial court's order comports with them. [Citation.] When, as in this case, the reviewing court remands the matter for further proceedings, its directions must be read in conjunction with the opinion as a whole." (*Ibid.*)

4.

"Senate Bill [No.] 1437 [(2017–2018 Reg. Sess.)] created a special procedural mechanism for those convicted under the former law to seek retroactive relief under the law as amended. [Citations.] Under newly enacted section 1172.6, the process begins with the filing of a petition containing a declaration that all requirements for eligibility are met [citation], including that '[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019,' the effective date of Senate Bill [No.] 1437." (*People v. Strong* (2022) 13 Cal.5th 698, 708, fifth bracketed insertion in original.) After this filing, the trial court that previously sentenced the petitioner determines whether an evidentiary hearing is required and eventually proceeds through a resentencing procedure if appellant is eligible. (*Id.* at pp. 708–709; see § 1172.6, subd. (b)(1) [noting the petition "shall be filed with the court that sentenced the petitioner"].)

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons …." ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.) "Strong policy reasons support this rule: 'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided. [Citations.]' [Citation.] ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them. If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114, second bracketed insertion added.)

*The Trial Court Properly Sentenced Appellant Without Considering Section 1172.6*

In various ways, appellant contends that the trial court could not sentence him pursuant to his second degree murder conviction because section 1172.6 provides some potential ameliorative relief to that sentence. In response, the People contend any argument requesting relief under section 1172.6 has been forfeited, while acknowledging that appellant is free to file a motion for resentencing to make these arguments now that he has been sentenced.

Upon review of our orders on remittitur and the nature of our opinion, we conclude that the trial court acted properly in its sentencing decision. Notably, in appellant's prior writ proceedings, this court was aware of the potential conflict between relief in the form of reducing a first degree murder conviction to second degree murder and the ameliorative changes underlying the resentencing statute. (See *People v. Trujillo, supra*, F081571.) Despite that conflict, and in line with appellant's request for relief, the court ordered that appellant be resentenced as if convicted of second degree murder because section 1172.6 remained a viable avenue for retroactive application of those ameliorative changes after resentencing.

When this matter returned to the trial court on remand, the court asked appellant how to proceed. In line with the arguments made in the prior appeal and appellant's counsel's own reading of our remand instructions, appellant requested sentencing on a conviction of second degree murder with the ability to then challenge that sentence under section 1172.6. This was a correct reading of our instructions and of the underlying reasoning of our opinion. Accordingly, not only did appellant's counsel properly understand and the trial court properly follow our instructions, but appellant's counsel affirmatively forfeited any argument that appellant could not be sentenced for second degree murder prior to any application for relief under section 1172.6 being considered.

6.

We note that appellant's case presents a unique and complex situation given the substantial changes in the law that have occurred both with respect to substantive aspects of his case and the procedural mechanisms for enforcing those changes.  We thus conclude by specifically recognizing that the People have conceded appellant remains eligible to petition for resentencing under section 1172.6, now that he has a sentence to challenge, and that this court considers the ability to file such a petition to conform to the relief ordered when this court denied appellant's prior resentencing petition appeal as moot.

**DISPOSITION**

The judgment is affirmed.


HILL, P. J.

WE CONCUR:


FRANSON, J.


PEÑA, J.

7.