Filed 4/3/26  P. v. Henry CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E083033 |
| v. | (Super.Ct.No. INF1701853) |
| CLEMENT TREVER HENRY, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Clement Trevor Henry appeals the trial court's order declaring that he was ineligible for full resentencing under Penal Code[1] section 1172.75, subdivision (d), after the trial court struck four of his section 667.5, subdivision (b), prior convictions, which had been previously stayed.

In 2018, defendant was convicted of attempted murder, domestic violence and making a criminal threat, along with having suffered four prior serious or violent felony convictions (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)), four prior serious felony offenses (§ 667, subd. (a)) and four prison priors (§ 667.5, subd. (b)). Defendant was sentenced to 37 years to life. The trial court imposed and stayed the sentence on the four section 667.5, subdivision (b), priors. In a previous appeal, *People v. Henry* (March 18, 2020, E071556) [nonpub. opn.] (Opinion), we affirmed the convictions. We remanded to the trial court for the limited purpose to consider striking the section 667, subdivision (a), serious prior convictions after the passage of Senate Bill No. 1393. (Stats. 2018, ch. 1013, §§ 1-2.) Upon remand, the trial court imposed and stayed the sentence on one of the section 667, subdivision (a), priors. A new abstract of judgment was filed.

After being identified by the California Department of Corrections and Rehabilitation (CDCR) as possibly being entitled to sentencing relief under section 1172.75, recall of sentence proceedings were held. The trial court ordered that defendant's four prior-prison-term convictions be stricken. Relying on *People v. Rhodius*

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

(2023) 97 Cal.App.5th 38, review granted February 21, 2024, case No. S283169 (*Rhodius I*) the trial court denied full resentencing.

In the current appeal, defendant argues that *Rhodius I* was improperly decided and he is entitled to a full resentencing. Since defendant filed his opening brief, the California Supreme Court decided *People v. Rhodius* (2025) 17 Cal.5th 1050 (*Rhodius II*), in which the California Supreme Court found that when a prior conviction pursuant to section 667.5, subdivision (b), is stricken pursuant to the procedures in section 1172.75, a defendant is entitled to full resentencing under section 1172.75, subdivision (d). In the respondent's brief, the People do not disagree that defendant would be entitled to full resentencing under the reasoning of *Rhodius II.* However, they contend for the first time that despite the finding in *Rhodius II*, defendant is not entitled to full resentencing because section 1172.75 by its terms only applies to enhancements imposed prior to January 1, 2020. Because defendant's priors were "imposed" when he was resentenced in 2021, he does not qualify for resentencing pursuant to section 1172.75. The People insist that defendant should have challenged his sentence by filing a petition for writ of habeas corpus in 2021 attacking his sentence as unauthorized. We reject the claim of the People, reverse the order denying relief under section 1172.75, and order the trial court to conduct a full resentencing hearing under section 1172.75, subdivision (d).

## FACTUAL AND PROCEDURAL HISTORY[2]

In 2018, a jury found defendant guilty of attempted murder (§§ 664, 187, subd. (a); count 1), inflicting corporal injury on spouse or partner (§ 273.5, subd. (a); count 2) and making criminal threats (§ 422; count 3). Defendant was also found to have suffered four prior serious felony convictions (§ 667, subd. (a)(1)) and four prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds, (a)-(d)). Defendant was also found to have served four prior prison terms within the meaning of section 667.5, subdivision (b). At sentencing, the trial court struck two of the section 667, subdivision (a), priors apparently because they arose from the same incident. On October 22, 2018, defendant was sentenced to 27 years to life on count 1, plus a 10-year consecutive term for the two remaining prior serious felony convictions. The trial court imposed and stayed the one-year terms on the four section 667, subdivision (b), priors.

Defendant appealed and a panel of this court affirmed his convictions on March 18, 2020. This court remanded the matter to the trial court as Senate Bill No. 1393 had been recently enacted, which gave the trial court the discretion to strike or dismiss section 667, subdivision (a), priors. Upon remand, on January 22, 2021, the trial court did not strike the two prior convictions but imposed and stayed the sentence on one of the section 667, subdivision (a), priors. There was no discussion of the section 667.5, subdivision (b), priors. The trial court noted that the new sentence would be 32 years to life. A new

---

[2] We derive the factual and procedural history from the clerk's and reporter's transcripts in this case and from our Opinion. We need not provide the facts of the underlying convictions as they are not relevant to the issues on appeal and are set forth in full in the Opinion.

abstract of judgment was filed on January 26, 2021, reflecting the sentence of 27 years to life on count 1, plus a consecutive five-year sentence for one section 667, subdivision (a), prior conviction. The sentence on the other section 667, subdivision (a), prior and the four prior-prison-term convictions pursuant to section 667.5, subdivision (b), were stayed.

Defendant was identified as being eligible for possible recall of his sentence by the CDCR. Defendant's case was heard along with several other defendants. The lead case was *People v. Chlad*, BAF002973 and defendant agreed that the arguments and decision would equally apply to him. Chlad's counsel argued on behalf of all defendants. Counsel for Chlad argued that a complete resentencing was required when the trial court struck the section 667.5, subdivision (b), prior prison priors.

The trial court found that Chlad, and all defendants, were not eligible for resentencing under section 1172.75. The trial court considered the *Rhodius I* appellate court case and found it the most persuasive. It ordered new abstracts of judgment prepared in the cases to show that the section 667.5, subdivision (b), priors were stricken. Defendant's new amended abstract of judgment was issued on December 28, 2023. He again was sentenced to 27 years to life on the attempted murder plus five years on one section 667, subdivision (a), prior conviction. The sentence on the other section 667, subdivision (a), prior was stayed, and the section 667.5, subdivision (b), priors were not included on the abstract of judgment.

**DISCUSSION**

Defendant contends the trial court erred in choosing to strike the section 667.5, subdivision (b), enhancements but then denying him full resentencing as required by section 1172.75. He argued in the opening brief that *Rhodius I* was improperly decided, and the trial court erred by relying on it to deny full resentencing. The California Supreme Court has now reversed *Rhodius I.* In *Rhodius II*, *supra*, 17 Cal.5th 1050, the California Supreme Court found that after striking section 667.5, subdivision (b), prior convictions that were previously stayed, a defendant is entitled to a complete resentencing. The People concede that defendant would be entitled to resentencing under *Rhodius II* but argue for the first time on appeal that the trial court in the alternative could have found that section 1172.75 did not apply to defendant because his prior convictions were imposed in 2021, not prior to January 1, 2020, as required by section 1172.75, subdivision (a). The People insist that defendant is not eligible for resentencing.

"Before 2019, Penal Code section 667.5, subdivision (b) . . . instructed trial courts to 'impose a one-year term for each prior separate prison term or county jail term' served for a felony, with an exception not applicable here for a five-year period of freedom from custody and felony offenses. (Stats. 1976, ch. 1139, § 268, p. 5138, as amended by Stats. 2011, ch. 15, § 442, p. 458; [citation].) [¶] In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5(b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.' (Stats.

2019, ch. 590, § 1.) In 2021, Senate Bill No. 483 (2021–2022 Reg. Sess.) made this change retroactive." (*Rhodius II*, *supra*, 17 Cal.5th at p. 1054.) The process of striking section 667.5, subdivision (b), priors is embodied in section 1172.75.

Section 1172.75, subdivision (a), provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense[,] is legally invalid." Section 1172.75, subdivision (b), requires the Secretary of the CDCR to identify all inmates "currently serving a term for a judgment that includes an enhancement described in subdivision (a)." "Upon receiving th[is] information" from the CDCR, "the sentencing court that imposed the enhancement" then "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75, subdivision (d)(1) provides that resentencing undertaken "pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Subdivision (d)(2) of section 1172.75 provides, "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

7

The recently decided *Rhodius II* held that "section 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius II*, *supra*, 17 Cal.5th at p. 1054.) As such, defendant, whose judgment included four stayed prior-prison-term enhancements at the time the sentence was imposed on the section 667.5, subdivision (b), enhancements in 2018, was entitled to have them stricken as was done in this case. Once the trial court struck the section 667.5, subdivision (b), priors, defendant was also entitled to a full resentencing hearing.

The People insist, despite conceding the recent decision of *Rhodius II* entitles defendant to resentencing, the trial court could have found that defendant did not qualify for resentencing under section 1172.75 for different reasons. For the first time, the People argue that the trial court imposed the section 667.5, subdivision (b), priors in 2021 when this court remanded the matter for the limited purpose of the trial court to consider whether to strike the section 667, subdivision (a), prior convictions. The People essentially argue on appeal that defendant did not qualify for resentencing under section 1172.75 as it only applies to section 667.5, subdivision (b), priors imposed before January 1, 2020. In response, defendant argues that the People have waived the argument by failing to raise the issue in the trial court. Such argument is well taken.

8

The People knew or should have known at the hearing determining defendant's eligibility for resentencing pursuant to section 1172.75 that defendant's case was remanded in 2020, and a new abstract of judgment was issued in 2021. While this court does not agree, as discussed *post,* that such issuance of a new abstract of judgment meant that the prior-prison-term convictions were "imposed" at that time, the People should have raised the issue first with the trial court when it was considering whether defendant was entitled to resentencing under section 1172.75. The failure of the People to raise the issue in the trial court forfeits the issue on appeal. (See *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1101 [" ' The reason for [the forfeiture] rule is that "[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided." [Citations.] "[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error" ' "]; accord, *People v. Partida* (2005) 37 Cal.4th 428, 433-434.)

Even if we were to consider the issue, we disagree that the trial court "imposed" the sentence on the section 667.5, subdivision (b), prior-prison-term convictions on remand in 2021. Based on the disposition in the Opinion, this court ordered limited remand for the trial court to consider striking the section 667, subdivision (a), prior convictions. In all other respects, the judgment was affirmed.

"If the appellate court's order upon remand requires correction as to one part of a sentence but the remand order limits the scope of resentencing, the trial court must adhere to the limits set forth in the remand order." (*People v. Walker* (2021) 67 Cal.App.5th 198, 205.) At the hearing upon remand, the trial court addressed only the section 667, subdivision (a), prior convictions as directed by disposition in the Opinion. While the trial court could have addressed the section 667.5, subdivision (b), priors and the stayed sentences at that time of remand based on a change of the law, it did not do so and was never asked to consider resentencing on the prior prison terms. (See *People v. Hargis* (2019) 33 Cal.App.5th 199, 205-207 [where a change in the law becomes effective after the appellate court's opinion but before the hearing on the limited remand, the trial court could consider the new law despite the limited remand]; see also *People v. Walker*, *supra*, 67 Cal.App.4th at p. 205.) The record does not support the claim of the People that there was a complete resentencing upon remand. As such, the abstract of judgment was only modified in 2021 to reflect that the trial court's stay of one of the section 667, subdivision (a), prior convictions. In all other respects, the abstract of judgment reflected the sentence as imposed in 2018. We reject the claim of the People that defendant did not qualify under section 1172.75.

## DISPOSITION

The trial court's order denying defendant resentencing under section 1172.75 is reversed. The trial court is directed to recall defendant's sentence, hold a resentencing

10

hearing pursuant to section 1172.75, subdivision (d), and resentence defendant consistent with the statute.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.